**Curt M. READ, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 00–5070.

United States Court of Appeals,
Federal Circuit.

June 28, 2001.

Sheldon I. Cohen, Sheldon I. Cohen & Associates, of Arlington, VA, argued for plaintiff-appellant. On the brief was Hugh J. McGavick, Law Office of Hugh J. McGavick, of Olympia, WA.

Lara Levinson, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for defendant-appellee. On the brief were David M. Cohen, Director; Kathryn A. Bleecker, Assistant Director; and Richard P. Schroeder, Trial Attorney.

Before MAYER, Chief Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

The appellant Read was removed after his security clearance, which was required for his position, was revoked. An administrative board in the department where Read had worked reversed the security clearance revocation, and a district court ordered his employer to reemploy him and to restore his security clearance. The agency did so, but refused to give him back pay. Read then filed suit seeking back pay in the United States Court of Federal Claims, which dismissed the suit for lack of subject matter jurisdiction. We *affirm.*

I

The basic facts are undisputed. The Federal Aviation Administration employed Read in a position that required a security clearance. The Administration revoked his security clearance and then removed him in July 1994 for that reason.

Read appealed his removal to the Merit Systems Protection Board ("Board"), "alleging that the removal was illegal and in retaliation for his whistleblowing activities. According to the appellant, the agency improperly revoked his security clearance and then used the revocation to terminate his employment." *Read v. Dep't of Transp.,* No. SE-0752-94-0602-I-1 (M.S.P.B. Nov.7, 1994). After a hearing, the Board affirmed the removal. *Id.* Noting that it "has limited review authority in security clearance cases," it pointed out that, under *Department of the Navy v. Egan,* 484 U.S. 518, 108 S.Ct. 818, 98 L.Ed.2d 918 (1988), "[t]he Board lacks authority to review the substance of a security clearance determination." The Board limited its review to the following issues, all of which it resolved in the government's favor: "(1) whether a security clearance was a requirement of appellant's position; (2) whether the agency has the authority to grant and revoke security clearances; (3) whether appellant lost his security clearance; (4) whether the agency provided appellant with the procedural protections of 5 U.S.C. § 7513 in effecting his removal; and (5) whether appellant's removal promotes the efficiency of the service."

This court affirmed the Board's decision. *Read v. Dep't of Transp.,* 74 F.3d 1259 (Fed.Cir.1996) (table).

Read then appealed the revocation of his security clearance to the Department of Transportation (of which the Federal Aviation Administration is a part) Personnel Security Review Board, which the Department had established pursuant to a Presidential Executive Order requiring executive departments to establish a panel to review security clearance denials and revocations. Exec. Order 12968, section 5.2(a)(6), 60 Fed.Reg. 40245, 40252 (Aug. 2, 1995). That Board concluded that

the record does not support FAA's revocation action and that Mr. Read's security clearance should be reinstated. The Board directs that Mr. Read's security clearance be immediately reinstated as if it had never been revoked. Because the loss of this clearance was the basis for his dismissal, the Board recommends that Mr. Read be offered reemployment in his former position.

The agency did not comply with that order. Read then sought a writ of mandamus from the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. § 1361. That court granted the writ. Noting that "Read was fired only because his security clearance was revoked," the court "ordered" the "defendants ... to comply with the PSRB order by rehiring Read and restoring his security clearance." *Read v. Slater,* No. C98–904WD, (W.D.Wash. Dec. 14, 1998).

The Federal Aviation Administration reinstated Read to a position at the same grade and pay and restored his security clearance. It then transferred him to another position that did not require a security clearance and terminated his clearance as unnecessary. The Administration refused to give him back pay for the period of his removal.

Read then filed the present suit under the Back Pay Act, 5 U.S.C. § 5596, in the Court of Federal Claims. The court granted the government's motion to dismiss for lack of subject matter jurisdiction. *Read v. United States,* No. 99–488C (Fed. Cl. Mar. 2, 2000). The court reasoned that "[s]ince Mr. Read's removal is covered by the [Civil Service Reform Act], the agency, the [Merit Systems Protection Board], and the Federal Circuit are the only 'appropriate authorities' to find an adverse personnel action and award back pay," and that each of them had "found Mr. Read's removal to be warranted." *Id.* at 7.

## II

The Back Pay Act, 5 U.S.C. § 5596, upon which Read grounds his suit, provides in pertinent part that "[a]n employee ... who, on the basis of a timely appeal or an administrative determination ... is found by appropriate authority ... to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal ... of ... pay ... is entitled, on the correction of the personnel action, to receive [back pay.]" 5 U.S.C. § 5596(b)(1). The parties vigorously dispute whether under that language (1) the revocation of a security clearance may constitute a "personnel action" and (2) the Personal Security Review Board or the district court constitutes "appropriate authority." It is unnecessary for us to decide those issues, however, since there is a more basic reason why the Court of Federal Claims did not have jurisdiction over Read's back pay claim: under *United States v. Fausto,* 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988), only the Merit Systems Protection Board, and not the Court of Federal Claims, is authorized to review removals of federal employees.

In *Fausto,* the United States Claims Court (as the Court of Federal Claims formerly was named), held that it did not have jurisdiction over a suit under the Back Pay Act by a federal employee seeking back pay for the period he was allegedly improperly suspended by his agency for unauthorized use of a motor vehicle. This court upheld the Claims Court's jurisdiction, but the Supreme Court reversed. It pointed out that the Civil Service Reform Act of 1978 (Reform Act) "creat[ed] an elaborate 'new framework for evaluating adverse personnel actions against [federal employees].' It prescribes in great detail the protections and remedies applicable to such action, including the availability of

administrative and judicial review. No provision of the CSRA gives nonpreference members of the excepted service [as Fausto was] the right to administrative or judicial review of suspension for misconduct. The question we face is whether that withholding of remedy was meant to preclude judicial review for those employees, or rather merely to leave them free to pursue the remedies that had been available before enactment of the CSRA." *Id.* at 443–44, 108 S.Ct. 668.

The Supreme Court, disagreeing with this court's conclusion, ruled that the "exclusion of nonpreference members of the excepted service from the definitional sections of Chapter 75" that specify the employees entitled to challenge before the Board adverse actions against them taken for the "efficiency of the service," "displays a clear congressional intent to deny the excluded employees the protections of Chapter 75—including judicial review—for personnel action covered by that chapter." *Id.* at 446–47, 108 S.Ct. 668. The Court concluded:

> The CSRA established a comprehensive system for reviewing personnel action taken against federal employees. Its deliberate exclusion of employees in respondent's service category from the provisions establishing administrative and judicial review for personnel action of the sort at issue here prevents respondent from seeking review in the Claims Court under the Back Pay Act.

*Id.* at 455, 108 S.Ct. 668.

*Fausto* thus established that if the Reform Act gave the Board jurisdiction over a claim involving a specified subject matter or category of employee, the Claims Court had no jurisdiction over that claim under the Back Pay Act—even though in the particular case the employee could not assert the claim before the Board. The same principle covers the present case and

requires the same conclusion: the Court of Federal Claims did not have jurisdiction over Read's back pay suit.

Read's claim for back pay is based upon his removal from his job, since it was that action that resulted in the termination of his pay. Although the removal was based upon the revocation of Read's security clearance, that does not change the basic nature of his back pay claim as based upon his removal.

■ The Reform Act covers the "removal" of an employee, 5 U.S.C. § 7512(1), and such an employee may appeal his removal to the Board, 5 U.S.C. § 7513(d). *LeBlanc v. United States,* 50 F.3d 1025, 1029 (Fed. Cir.1995) (Under the Reform Act, "qualifying employees who are removed based on unacceptable performance or for the efficiency of the service" may appeal to the Board.); *Bosco v. United States,* 931 F.2d 879, 883 (Fed.Cir.1991) (the adverse actions the Reform Act covers include "removal"). Here, as in *Fausto,* the Reform Act's "comprehensive system for reviewing personnel action taken against federal employees," 484 U.S. at 455, 108 S.Ct. 668,—including "administrative review by the MSPB," *id.* at 447, 108 S.Ct. 668—"displays a clear congressional intent," *id.,* to make Board review the exclusive statutory procedure by which employees may challenge their removal.

In *Fausto* the Court concluded that Congress had "deliberate[ly] exclud[ed] ... employees in respondent's service category from the provisions establishing administrative and judicial review for personnel action of the sort at issue here [which] prevents respondent from seeking review in the Claims Court under the Back Pay Act." *Id.* at 455, 108 S.Ct. 668. Here, however, Read was not excluded from challenging his removal before the Board. In fact, he did so challenge it, the Board

reviewed his removal and upheld it, and we affirmed that ruling.

Of course, in reviewing that removal the Board could not, and did not, consider the merits of the revocation of his security clearance (upon which his removal was based), although it considered other issues related to the revocation. *See Dep't of the Navy v. Egan,* 484 U.S. 518, 108 S.Ct. 818, 98 L.Ed.2d 918. This limitation on the issues the Board could consider, however, is not inconsistent with the power Congress gave the Board in the Reform Act to review removal of government employees for the good of the service (as the Board noted Read's removal was). *Fausto* establishes that the existence of the Board's jurisdiction to take such action precludes the Court of Federal Claims from entertaining Read's back pay suit based upon his removal.

Our analysis here is consistent with—indeed, is supported by—*Worthington v. United States,* 168 F.3d 24 (Fed.Cir.1999). There we held that the Court of Federal Claims erroneously had dismissed Worthington's claim for overtime pay under the Back Pay Act. The claim was based on his being required to work a compressed work schedule of more than eight hours on certain days. The reason for our conclusion was that the Reform Act did not give the Board jurisdiction over Worthington's underlying claim that he had improperly been required to follow a compressed work schedule.

■ In so ruling, however, we noted that *"Fausto* deprives the Court of Federal Claims of jurisdiction over personnel actions covered by the CSRA." *Id.* at 26. Here, as we have shown, the Reform Act gave the Board jurisdiction over Read's challenge to his removal resulting from revocation of his security clearance.

CONCLUSION

The judgment of the United States Court of Federal Claims dismissing the case is

*AFFIRMED.*