**Rogelio M. SALINAS, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 02–5127.

United States Court of Appeals, Federal Circuit.

March 25, 2003.

Roger M. Yale, of Denton, TX, for plaintiff-appellant.

Jan M. Folena, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for defendant-appellee. On the brief were Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Director; and Todd M. Hughes, Assistant Director. Of counsel was William L. Olsen, Trial Attorney.

Before MICHEL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LINN, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

The question is whether the Court of Federal Claims correctly dismissed for lack of jurisdiction a government employee's suit seeking back pay for the period during which he had been suspended following his indictment in a state court. After a jury acquitted him on the state charge, the government reinstated him but refused to give him back pay. He then filed suit in the Court of Federal Claims for amounts allegedly due him for that period. We agree with the Court of Federal Claims that it lacked jurisdiction and therefore we affirm its dismissal of the case.

I

The pertinent facts, as set forth by the Court of Federal Claims, are undisputed. The appellant Rogelio M. Salinas was a Border Patrol Agent in Texas. Following his election as Mayor of Encinal, Texas, the city purchased gasoline from his wife's convenience station. A Texas grand jury indicted him (and his wife) on ten counts relating to the gasoline purchase. The Border Patrol then suspended him.

Salinas was tried and acquitted on one count, and the prosecution dismissed the remaining counts. The Border Patrol reinstated him, but denied his request for

back pay covering the period of suspension. The agency explained that it was denying back pay because "[s]ector policy regarding back-pay for periods of indefinite suspension following acquittal is to only grant back-pay when a matter is withdrawn by the district attorney based solely on a clear insufficiency of evidence, or dismissed by the court after defendant's attorney's motion based solely on clear insufficiency of evidence."

Salinas then filed the present suit in the Court of Federal Claims. He invoked the court's jurisdiction "under the Tucker Act, 28 U.S.C. § 1491, based upon the Back Pay Act, 5 U.S.C. § 5596." The complaint sought back pay, annual and sick leave, etc., because the "Border Patrol acted in an arbitrary, capricious manner and abused its discretion in denying the back pay claim of Salinas."

The Court of Federal Claims granted the government's motion to dismiss, ruling that it lacked jurisdiction over the case. *Salinas v. United States,* 52 Fed. Cl. 399, 402 (2002). The court noted that "[t]he Back Pay Act is not a jurisdictional statute." *Id.* at 401 (citation omitted). It pointed out that in the Civil Service Reform Act, "Congress gave the Merit Service [sic] Protection Board (Board) jurisdiction over many employment actions including suspensions of more than 14 days." *Id.* (citing 5 U.S.C. § 7512(2) (2000); 5 C.F.R. § 1201.3 (2001)). It ruled that because "[t]he Reform Act gives the Merit System [sic] Protection Board primacy for the 'administrative resolution of disputes over adverse personnel action' and does the same for the Federal Circuit with regard to judicial review[,] *United States v. Fausto,* 484 U.S. 439, 449, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988)[,] ... under the Reform Act the plaintiff must first appeal his back pay complaint to the Board and then to the

Federal Circuit—not to this court." *Salinas,* 52 Fed.Cl. at 402. It concluded that "[t]he Board alone has jurisdiction to hear appeals that involve a suspension of more than 14 days as is the case here. Thus, it is the appropriate authority for those appeals." *Id.* (citing 5 U.S.C. § 7512 (2000); 5 C.F.R. 1201.3(a)(2) (2001)).

## II

This court's decision in *Read v. United States,* 254 F.3d 1064 (Fed.Cir.2001), controls this case and requires affirmance of the Court of Federal Claims.

*Read* involved a government employee whose position required a security clearance. *Id.* at 1065. When that clearance was revoked, his agency removed him for that reason. *Id.* Read appealed his removal to the Merit Systems Protection Board, which upheld it, and then to this court, which affirmed the Board. *Id.* Read then appealed the revocation of his security clearance to a security review board, which set aside the revocation and directed that his security clearance be reinstated. *Id.*

The agency then reinstated him, but refused to give him back pay for the period of his removal. *Id.* at 1066. Read filed suit under the Back Pay Act in the Court of Federal Claims, which dismissed the suit for lack of jurisdiction. *Id.*

This court affirmed. We held that "under *United States v. Fausto,* 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988), only the Merit Systems Protection Board, and not the Court of Federal Claims, is authorized to review removals of federal employees." *Read,* 254 F.3d at 1066. We explained that *Fausto*

established that if the Reform Act gave the Board jurisdiction over a claim involving a specified subject matter or category of employee, the Claims Court

had no jurisdiction over that claim under the Back Pay Act—even though in the particular case the employee could not assert the claim before the Board. The same principle covers the present case and requires the same conclusion: the Court of Federal Claims did not have jurisdiction over Read's back pay suit.

Read's claim for back pay is based upon his removal from his job, since it was that action that resulted in the termination of his pay. Although the removal was based upon the revocation of Read's security clearance, that does not change the basic nature of his back pay claim as based upon his removal.

*Id.* at 1067.

We pointed out that although the Board could not consider the merits of the revocation of his security clearance, "[t]his limitation on the issues the Board could consider, however, is not inconsistent with the power Congress gave the Board in the Reform Act to review removal of government employees for the good of the service (as the Board noted Read's removal was). *Fausto* establishes that the existence of the Board's jurisdiction to take such action precludes the Court of Federal Claims from entertaining Read's back pay suit based upon his removal." *Id.* at 1068. We found support for our decision in *Worthington v. United States,* 168 F.3d 24, 26 (Fed.Cir.1999), where we stated that "*Fausto* deprives the Court of Federal Claims of jurisdiction over personnel actions covered by the CSRA."

This reasoning also covers this case, and requires the same result. The same statutory provision that gives the Board jurisdiction over "removal[s]" also gives it jurisdiction over "suspension[s] for more than 14 days." 5 U.S.C. § 7512(1)(2) (2000). "Read's claim for back pay [was] based upon his removal from his job, since it was that action that resulted in the termination

of his pay." *Read,* 254 F.3d at 1067. For the same reason, Salinas's back pay claim was based upon his "suspension" from his job. The following statement in *Read,* changed to reflect the factual differences between that case and this one, is dispositive: "*Fausto* establishes that the existence of the Board's jurisdiction to take such action ["to review [suspensions] of government employees"] precludes the Court of Federal Claims from entertaining [Salinas's] back pay suit based upon his [suspension]." *Id.* at 1068.

Although we decided *Read* more than a year before Salinas filed his brief, he does not there even refer to, much less attempt to distinguish, that decision. Instead he argues: "Because the Merit System [sic] Protection Board lacks jurisdiction to decide whether or not the denial of back pay was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, the only forum for appealing the Agency's decision is through the United States Court of Federal Claims."

Since Salinas did not seek relief from the Board, we do not know whether the Board would have entertained his complaint for back pay. Although Salinas states that he "is not contesting whether or not the Agency had authority to suspend Appellant upon his indictment," he could have challenged before the Board his suspension to the extent it permitted his reinstatement without back pay. We cannot say whether the Board would have accepted that theory of jurisdiction.

In any event, *Fausto* and *Read* establish that "if the Reform Act gave the Board jurisdiction over a claim involving a specified subject matter or category of employee, the Claims Court had no jurisdiction over that claim under the Back Pay Act— even though in the particular case the employee could not assert the claim before the Board." *Read,* 254 F.3d at 1067. Un-

der the statutory scheme of the Civil Service Reform Act, it may be that the decision whether to award back pay lies in the agency's sole discretion and that there is no forum in which Salinas can challenge that decision. *Cf. Richardson v. U.S. Customs Serv.,* 47 F.3d 415, 421 (Fed.Cir.1995) ("[I]n appropriate circumstances, an agency may grant back pay for the period during which the summary suspension was in effect.... That decision is a matter for the agency, in the first instance, to make, based on all the facts and circumstances." (footnote omitted)). In any event, even assuming the Board could review and overturn the decision against a discretionary award of back pay, we are sure the Court of Federal Claims may not.

## CONCLUSION

The order of the Court of Federal Claims dismissing the complaint for lack of jurisdiction is

*AFFIRMED.*