Geraldine SACCO and Karen Vesterby, Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 03–685C.

United States Court of Federal Claims.

Dec. 30, 2004.

12. *Id.* at 27.

Michael J. Kator, Kator, Parks & Weiser, P.L.L.C., Washington, D.C., for Plaintiffs.

Gerald M. Alexander, U.S. Department of Justice, Commercial Litigation Branch, Civil Division, Washington, D.C., for Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

WILLIAMS, Judge.

Plaintiffs, Geraldine Sacco and Karen Vesterby, seek attorney's fees they incurred while litigating adverse personnel determinations before the Merit Systems Protection Board (MSPB). Plaintiffs previously sought these fees before the MSPB under the Civil Service Reform Act (CSRA), but the MSPB denied their requests because the Plaintiffs did not qualify as prevailing parties, and in Plaintiff Sacco's case, the United States Court of Appeals for the Federal Circuit affirmed the MSPB's ruling. Plaintiffs then changed their tack and requested that their respective agencies reimburse these same attorney's fees pursuant to the Back Pay Act. Both agencies denied their requests. Plaintiffs now petition this Court for an award of those attorney's fees pursuant to the Back Pay Act.

This matter comes before the Court on Defendant's motion to dismiss for lack of subject matter jurisdiction, or in the alternative, for summary judgment. Because the CSRA gives the MSPB jurisdiction over the adverse personnel actions that form the basis of Plaintiffs' claims for attorney's fees under the Back Pay Act, this Court lacks jurisdiction over those attorney-fee claims, and Defendant's motion to dismiss for lack of jurisdiction is granted.

### Background

*Plaintiff Geraldine Sacco* [1]

Plaintiff Sacco worked as a Special Agent for the Drug Enforcement Agency (DEA) until the DEA placed her on administrative leave beginning in August 1998, pending completion of psychiatric and pharmacological therapy and a follow-up suitability review

examination. DEA informed Plaintiff Sacco that she could not return to active duty status unless she completed several months of treatment for her medical condition. After expiration of her administrative leave, Plaintiff Sacco began using her accumulated annual and sick leave to cover the remaining period of her absence. On December 27, 1998, Ms. Sacco's annual and sick leave expired, forcing her to enter an absent without leave (AWOL) status.

On January 15, 1999, Plaintiff Sacco filed an appeal with the MSPB, contending that she had been constructively suspended. In February 1999, DEA removed Ms. Sacco from AWOL status, retroactively placed her on administrative leave, and informed her that she would continue in this capacity until further notice. Subsequently, DEA informed Ms. Sacco that it was proposing to suspend her indefinitely due to her inability to work for medical reasons. Her indefinite suspension took effect on March 22, 1999.

On that same date, the MSPB administrative judge (AJ) held a telephonic status conference with the parties, advising them of his preliminary conclusion that Plaintiff Sacco had been constructively suspended. Shortly thereafter, the agency restored Ms. Sacco's annual and sick leave, cancelled her AWOL status, and placed her in an administrative leave status retroactive to December 27, 1998. Finding that the DEA had rescinded Ms. Sacco's alleged constructive suspension, the AJ dismissed Plaintiff Sacco's appeal as moot in an initial decision on May 14, 1999.

In November 1999, Plaintiff Sacco submitted medical documentation concerning her fitness to resume duty and underwent an evaluation pursuant to DEA's suitability review protocol. On November 26, 1999, Plaintiff Sacco filed another appeal with the MSPB; in this appeal, she alleged that the DEA had constructively suspended her when it had failed to rescind her indefinite suspension after she had submitted evidence of her fitness for duty.

In February 2000, the agency concluded that there was no basis for continuing Ms.

---

1. The facts relating to Plaintiff Sacco were set forth in *Sacco v. Dep't of Justice*, 317 F.3d 1384 (Fed.Cir.2003) and are repeated here as necessary for ease of reference.

Sacco's indefinite suspension, and placed her in a non-duty status with pay retroactive to the date she had filed the medical documentation. Plaintiff Sacco then withdrew her disability discrimination and constructive suspension claims and requested dismissal of her appeal. Accordingly, the AJ dismissed Ms. Sacco's appeal as moot. On July 20, 1999, Plaintiff Sacco petitioned for, and was awarded, attorney's fees and expenses for her first appeal under the MSPB's fee-shifting statute, 5 U.S.C. § 7701(g)(1). On review, the MSPB reversed in light of the Supreme Court's intervening decision in *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).[2]

On June 20, 2000, Plaintiff Sacco sought attorney's fees related to her second appeal before the MSPB, again invoking Section 7701(g)(1). The AJ denied her request because she had failed to establish that the relief she obtained was causally related to the filing of the appeal with the MSPB. Ms. Sacco petitioned the MSPB for review. Despite denying her appeal, the MSPB reopened the matter on its own motion and denied her fee request because Ms. Sacco was not a "prevailing party" under federal fee-shifting statutes as established by *Buckhannon*.

Plaintiff Sacco timely filed appeals of the two MSPB decisions to the United States Court of Appeals for the Federal Circuit, which affirmed the MSPB. The Federal Circuit held that *Buckhannon* applied to 5 U.S.C. § 7701(g)(1) and that Ms. Sacco failed to qualify as a prevailing party. *Sacco v. Dep't of Justice*, 317 F.3d 1384, 1386–87 (Fed.Cir.2003).

Following the Federal Circuit's decision, Ms. Sacco sought her attorney's fees from DEA, invoking the Back Pay Act. The agency denied her request finding that the issue of Ms. Sacco's entitlement to attorney's fees had been resolved in the DEA's favor, and she was barred from recovering them under the Back Pay Act.

*Plaintiff Karen Vesterby* [3]

Plaintiff Karen Vesterby worked as a GS–12 Occupational Health Nurse at the Soldiers' and Airmen's Home. On August 3, 2001, the agency issued a final decision terminating Ms. Vesterby's employment for unacceptable conduct; this decision was scheduled to take effect on August 24, 2001.

Ms. Vesterby filed an appeal with the MSPB, and the parties engaged in discovery in preparation for an upcoming hearing. However, the agency unilaterally rescinded Ms. Vesterby's removal, and the AJ dismissed the MSPB appeal as moot. Although Ms. Vesterby had yet to file a motion for attorney's fees, the AJ considered Ms. Vesterby's entitlement to fees under 5 U.S.C. § 7701(g)(1). The AJ denied Ms. Vesterby's claim for fees because she was not a prevailing party.

On December 7, 2001, Ms. Vesterby requested attorney's fees from the agency pursuant to the Back Pay Act. The agency denied the request, reasoning that a litigant must be a prevailing party in order to qualify for attorney's fees under the Back Pay Act. On February 19, 2002, Ms. Vesterby filed a motion with the MSPB seeking attorney's fees and expenses pursuant to 5 U.S.C. § 7701(g)(1). The AJ noted that the MSPB had jurisdiction over Ms. Vesterby's fee petition, but denied the request and held that under *Buckhannon*, Ms. Vesterby was not a prevailing party. *Vesterby v. Soldiers' & Airmen's Home*, M.S.P.B. Docket No. DC–0752–01–0734–A–1 (Apr. 19, 2002). Thereafter, Ms. Vesterby appealed to the United States Court of Appeals for the Federal Circuit. The Federal Circuit stayed Ms. Vesterby's case pending resolution of *Sacco v. Dep't of Justice*. In light of the *Sacco* decision,

---

**2.** In *Buckhannon*, the Supreme Court rejected the use of the "catalyst theory" for determining a prevailing party under the fee-shifting provisions of the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, *Buckhannon*, 532 U.S. at 610, 121 S.Ct. 1835. *Buckhannon* instead required an enforceable judgment on the merits or a court-ordered

consent decree for a party to be a prevailing party. *Buckhannon*, 532 U.S. at 604, 121 S.Ct. 1835.

**3.** Facts pertaining to Plaintiff Vesterby are derived from the Complaint, the parties' motion papers, and the appendices attached thereto.

Ms. Vesterby withdrew her appeal on the ground that *Sacco* disposed of any issue she could raise on appeal in the Federal Circuit.

Plaintiffs Sacco and Vesterby now seek these same attorney's fees in this Court, invoking the Back Pay Act, 5 U.S.C. § 5596(b)(1)(A)(ii).

### Discussion

Subject matter jurisdiction may be challenged at any time by the parties, the Court *sua sponte*, and even on appeal. *Booth v. United States*, 990 F.2d 617, 620 (Fed.Cir. 1993). In ruling on a motion to dismiss for lack of subject matter jurisdiction, the Court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Cedars–Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed.Cir. 1993); *Holland v. United States*, 57 Fed.Cl. 540, 551 (2003). Plaintiffs bear the burden of establishing jurisdiction by a preponderance of the evidence. *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed.Cir.2002).

The Tucker Act both confers jurisdiction upon the United States Court of Federal Claims and waives sovereign immunity with respect to certain actions for monetary relief brought against the United States. *See United States v. Mitchell*, 463 U.S. 206, 212–18, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *Fisher v. United States*, 364 F.3d 1372, 1376 (Fed.Cir.2004). Under the Tucker Act, sovereign immunity is waived for "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, the Tucker Act does not, by itself, "create any substantive right enforceable against the United States for money damages." *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) *quoting United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). To properly invoke this Court's jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages," i.e. a source which is "money mandating." *Fisher*, 364 F.3d at 1376.

A statute or regulation is money mandating if it is " 'reasonably amenable to the reading that it mandates a right to recovery in damages' and while such a reading is not to be 'lightly inferred,' a 'fair inference' that money damages are allowable under the statute or regulation in question will suffice." *Fisher*, 364 F.3d at 1377 citing *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472–73, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003).

Plaintiffs seek to establish this Court's Tucker Act jurisdiction by invoking the Back Pay Act as the source of substantive law that creates their right to money damages. The Back Pay Act provides:

(b)(1) An employee of an agency who, on the basis of a timely appeal or an administrative determination (including a decision relating to an unfair labor practice or a grievance) is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee—

(A) is entitled, on correction of the personnel action, to receive for the period for which the personnel action was in effect—

(I) an amount equal to all or any part of the pay, ... which the employee normally would have earned or received during the period if the personnel action had not occurred, ...; and

(ii) reasonable attorney fees related to the personnel action which ... shall be awarded in accordance with standards established under section 7701(g) of this title ....

5 U.S.C. § 5596(b)(1)(A)(ii).

The referenced section 7701(g)(1) of the CSRA provides in relevant part:

Except as provided in paragraph (2) of this subsection, the Board, or an administrative

law judge or other employee of the Board designated to hear a case, may require payment by the agency involved of reasonable attorney fees incurred by an employee or applicant for employment if the employee or applicant is the prevailing party and the Board, administrative law judge, or other employee (as the case may be) determines that payment by the agency is warranted in the interest of justice, including any case in which a prohibited personnel practice was engaged in by the agency or any case in which the agency's action was clearly without merit.

5 U.S.C. § 7701(g)(1).

The Back Pay Act does not, itself, provide a statutory basis for invoking this Court's jurisdiction. *United States v. Connolly,* 716 F.2d 882, 887 (Fed.Cir.1983); *Shelleman v. United States,* 9 Cl.Ct. 452, 456 (1986). As our appellate authority recognized in *Montalvo v. United States,* 231 Ct.Cl. 980, 982, 1982 WL 25825 (1982):

> The Back Pay Act ... is basically derivative in its application. For the Act to apply, an "appropriate authority" must first find an "unjustified or unwarranted personnel action," i.e., an action which is prohibited by statute, regulation, etc. So, before plaintiff can invoke the Back Pay Act, he must first demonstrate that the decision to fire him violated an applicable statute or regulation.

*See also Walker v. United States,* 11 Cl.Ct. 77, 80 (1986) ("some provision of law other than the Back Pay Act must first mandate, or at least be interpreted to mandate, money damages to an employee suffering an unjustified or unwarranted personnel action before the Back Pay Act may be relied on to invoke this court's jurisdiction"); *Salinas v. United States,* 52 Fed.Cl. 399, 401 (2001) (*Salinas I*), *aff'd,* 323 F.3d 1047 (Fed.Cir.2003) (*Salinas II*). Here, Plaintiffs have not alleged any provision of law other than the Back Pay Act and Tucker Act as a basis for invoking the Court's jurisdiction. However, even if they had, this would not end the inquiry because "the enactment of the CSRA operated to deprive a Tucker Act court of jurisdiction it otherwise would have had over certain actions [,and] [t]his Court must determine whether this is such an action." *Worthington v. United States,* 168 F.3d 24, 26 (Fed. Cir.1999).

■ Under CSRA's comprehensive statutory scheme governing federal agency employment disputes, the MSPB has primacy over the "administrative resolution of disputes over adverse personnel action" with judicial review vested in the Federal Circuit. *United States v. Fausto,* 484 U.S. 439, 449, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988); *Salinas II,* 323 F.3d at 1048–49. Under well entrenched precedent, the Court of Federal Claims has no jurisdiction to entertain actions seeking monetary remedies stemming from adverse personnel actions over which the MSPB and the Federal Circuit have jurisdiction. *Salinas II,* 323 F.3d at 1049–50; *Read v. United States,* 254 F.3d 1064, 1067 (Fed.Cir.2001).

In *Fausto,* the United States Supreme Court expressly held that under the comprehensive and integrated review scheme of the CSRA, this Court is not an "appropriate authority" to review an agency's personnel determination. 484 U.S. at 449, 108 S.Ct. 668. Construing *Fausto* in *Read v. United States,* 254 F.3d 1064, 1067 (Fed.Cir.2001), the Federal Circuit confirmed that only the MSPB—not the Court of Federal Claims—was authorized to review removals of federal employees as well as claims for back pay based on removals. *Read,* 254 F.3d at 1067. The Court explained that *Fausto*

> established that if the [CSRA] gave the [MSPB] jurisdiction over a claim involving a specified *subject matter* or category of employee, the Claims Court had no jurisdiction over that claim under the Back Pay Act—even though in the particular case the employee could not assert the claim before the Board. The same principle covers the present case and requires the same conclusion: the Court of Federal Claims did not have jurisdiction over Read's back pay suit.
>
> Read's claim for back pay is based upon his removal from his job, since it was that action that resulted in the termination of his pay.

*Read,* 254 F.3d at 1067 (emphasis added). More recently in *Salinas II,* 323 F.3d at

1049, the Federal Circuit held that because the MSPB has jurisdiction under the CSRA over suspensions lasting more than fourteen days, the Court of Federal Claims lacks jurisdiction over claims for back pay stemming from such suspension.[4] *See also, McClary v. United States,* 775 F.2d 280, 282 (Fed.Cir. 1985) ("where an employee is provided a means of redress under the CSRA, that is, an appeal to the Board, the employee does not have an independent cause of action in the Claims Court.").

▌ Here, the MSPB and the Federal Circuit clearly have jurisdiction over the "subject matter" of Plaintiffs' underlying adverse personnel actions, a suspension and a removal. As such, they, and not this Court, have jurisdiction over the monetary claims—back pay and attorney fees, which are based upon those adverse actions. *Salinas II,* 323 F.3d at 1049–50. Because attorney's fees are a component of the monetary relief established for such unjustified adverse personnel actions, claims for attorney's fees are within the jurisdiction of the MSPB, with review by the Federal Circuit. *See e.g., Gavette v. OPM,* 808 F.2d 1456 (Fed.Cir.1986) and *Sims v. Dep't of Navy,* 711 F.2d 1578 (Fed.Cir. 1983) (resolving appeals of MSPB decisions concerning attorney's fees under the Back Pay Act).

Plaintiffs acknowledge that the MSPB generally has jurisdiction over claims for attorney's fees under the Back Pay Act, but contend that in present case the agencies' unilateral corrections of the Plaintiffs' adverse personnel determinations divested the MSPB of jurisdiction and bestowed jurisdiction on this Court. Plaintiffs cite a regulation of the Office of Personnel Management, 5 C.F.R. § 550.807, which provides:

> An employee ... may request payment of reasonable attorney fees related to an un-

justified or unwarranted personnel action ... Such a request may be presented only to the appropriate authority that corrected or directed the correction of the unjustified or unwarranted personnel action.

Because the agency itself corrected each personnel action that served as the basis for the attorney's fee claims, Plaintiffs contend that their request for fees could "only" be presented to the agencies, not the MSPB. *Id.* Thus, Plaintiffs reason that because the MSPB did not have jurisdiction over the fee petitions, this Court does.

Plaintiffs would have this regulation displace the overarching statutory framework of the CSRA and Back Pay Act in an effort to confer jurisdiction on this Court over their claims for attorney's fees. However, the agencies' election to take corrective action during the MSPB process does not mean that the MSPB lacked jurisdiction over the underlying adverse personnel action. The MSPB was not divested of jurisdiction over Plaintiffs' adverse personnel actions by virtue of the agencies' corrective actions. Rather, Plaintiffs' claims over which the MSPB was exercising jurisdiction were rendered moot by the corrective action.[5] The agencies' corrective action does not change the jurisdictional landscape. As the Federal Circuit recognized in *Salinas II* and *Read*:

> if the [CSRA] gave the [MSPB] jurisdiction over a claim involving a specified subject matter or category of employee, the Claims Court ha[s] no jurisdiction over that claim under the Back Pay Act—*even though in the particular case the employee could not assert the claim before the Board.* Under the statutory scheme of the Civil Service Reform Act, it may be that the decision whether to award back pay lies in the agency's sole discretion and that

---

4. Where the CSRA does *not* give the MSPB jurisdiction over an employee's underlying claim, an action may be brought in this Court under the Back Pay Act. *Worthington v. United States,* 168 F.3d 24, 26 (Fed.Cir.1999) (holding that an employee's claim for violation of the Federal Employees Flexible and Compressed Work Schedules Act, 5 U.S.C. §§ 6120–6133 (1994) entitled plaintiff to compensation under the Back Pay Act). The Federal Circuit explained in *Worthington* that "[b]eing forced to work a compressed work schedule does not, for example, constitute a

removal, a suspension, a reduction in grade or pay." *Worthington,* 168 F.3d at 27.

5. Plaintiffs further contend that the MSPB only has jurisdiction over claims in which the plaintiffs qualify as "prevailing" parties within the meaning provided by *Buckhannon.* Pl.'s Reply at 9. Plaintiffs again confuse the threshold issue of jurisdiction with the merits of whether a fee award is warranted.

there is no forum in which Salinas can challenge that decision.

*Salinas II,* 323 F.3d at 1048–49 (emphasis added) (internal citations omitted). *Shelleman v. United States,* 9 Cl.Ct. at 458 ("If a plaintiff has a right of action at the MSPB, that right consequently forecloses the plaintiff's right to bring a cause of action in the Claims Court. Such foreclosure obtains whether such right was pursued at the MSPB or not.").

Plaintiffs protest the fact that if this Court lacks jurisdiction there is no forum which can review the agencies' denial of their attorney's fees under the Back Pay Act. This argument ignores the fact that Plaintiffs' entitlement to attorney's fees has been adjudicated by the MSPB and the Federal Circuit under the governing statutory standard, Section 7701(g). Both the MSPB and its appellate authority, the Federal Circuit, denied Plaintiff Sacco's fees under Section 7701(g). The Back Pay Act expressly provides that attorney fees within its purview "shall be awarded in accordance with standards established under Section 7701(g)." 5 U.S.C. § 5596(b)(1)(A)(ii). These provisions of the CSRA and the Back Pay Act, as components of a unified remedial scheme, must be interpreted as a whole.

The comprehensive statutory scheme governing federal agency personnel matters contemplated neither the duplicative actions nor the coextensive jurisdiction Plaintiffs' arguments suggest. Plaintiffs first sought their attorney's fees from the MSPB, then the Federal Circuit under the CSRA, and, when thwarted under *Buckhannon* in those fora,[6] petitioned their agencies, and when unsuccessful there, approached this Court invoking the Back Pay Act. As the Supreme Court recognized in *Fausto,* a structural element clearly evidenced in the framework of the CSRA is the primacy of the MSPB for administrative resolution of disputes over adverse personnel action and the primacy of the United States Court of Appeals for the Federal Circuit for judicial review. The Court explained:

This enables the development, through the MSPB, of a unitary and consistent Executive Branch position on matters involving personnel action, avoids an 'unnecessary layer of judicial review' in lower federal courts, and '[e]ncourages more consistent judicial decisions . . .'

484 U.S. at 449, 108 S.Ct. 668, *citing* S.Rep. No. 95–969, at 52, 1978 U.S.Code Cong. & Admin.News, at 2774.

Permitting this Court to revisit Plaintiffs' claims for the same attorney's fees already denied by the MSPB and the Federal Circuit, by invoking a different statute in a different forum, would "result in exactly the sort of duplicative, wasteful and inefficient judicial review that Congress in the CSRA and FCIA [Federal Court's Improvement Act] intended to eradicate." *Lindahl v. Office of Pers. Mgmt.,* 470 U.S. 768, 797–98, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985).

### Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss for lack of subject matter jurisdiction is **GRANTED**. The Clerk is directed to dismiss this action.

---

6. Indeed, the MSPB did provide the attorney's fees Plaintiff Sacco now seeks prior to the change of the prevailing party standard articulated in *Buckhannon.*