**Louis J. DE MAIO, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 09–875C.

United States Court of Federal Claims.

June 28, 2010.

Louis J. De Maio, appearing pro se, Bel Air, Maryland, Plaintiff.

Patryk J. Drescher, with whom were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

*OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS*

WHEELER, Judge.

In this action, *pro se* Plaintiff Louis J. De Maio asserts that his former employer, the Internal Revenue Service ("IRS"), wrongfully terminated his employment and engaged in criminal conduct by refusing to enroll him in the Federal Employees Health Benefits ("FEHB") program following his removal. Mr. De Maio requests the Court to reinstate him to "civil service status" with the IRS and to re-enroll him in the FEHB program. Mr. De Maio also seeks back pay and recovery of excess insurance premiums he allegedly paid after he was removed. The case is before the Court on Defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Court of Federal Claims ("RCFC"). For the reasons stated below, Defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED.

*Background*[1]

From 1967 to 2005, Mr. De Maio was employed as an estate tax attorney with the IRS. (Compl. 1–2.) In April 2005, the IRS removed Mr. De Maio for his failure to maintain membership in a state bar and his engagement in serious off-duty misconduct prejudicial to the government. *Id.;* Def. Mot. Dismiss, Ex. 1, at 2. In 2005, Mr. De Maio appealed the IRS's removal decision to the Merit System Protection Board ("MSPB" or "Board"). The MSPB affirmed the IRS's decision to remove Mr. De Maio on August 18, 2005, finding that removal was a reasonable penalty given Mr. De Maio's failure to maintain state bar membership, a requirement for his position as an IRS attorney. (Def.'s Mot. Dismiss, Ex. 1, at 9.) The full board denied Mr. De Maio's petition for review. *See De Maio v. Dep't of Treasury,* 101 M.S.P.R. 131, 2006 WL 268742 (table) (M.S.P.B.2006) (unpublished denial of petition for review). Mr. De Maio filed a petition for review of the MSPB's decision with the United States Court of Appeals for the Federal Circuit. However, the Federal Cir-

---

1. The facts discussed in this opinion do not constitute findings of fact by the Court. The facts cited herein are either undisputed or alleged and assumed to be true for the purposes of the pending motions.

cuit dismissed his appeal for failing to file and serve an appellate brief. *See De Maio v. Dep't of Treasury*, 189 Fed.Appx. 959 (Fed. Cir.2006); *see also De Maio v. Office of Personnel Management*, 350 Fed.Appx. 459, 464 (Fed.Cir.2009) (holding that Mr. De Maio's challenge to his removal and the relief sought were barred by *res judicata* ).

Mr. De Maio filed a complaint in this Court on December 17, 2009. In his complaint, Mr. De Maio asserts that he participated in the FEHB program while employed with the IRS but that the Government wrongfully terminated him from the program on the premise that he resigned when, in fact, he was removed. (Compl. 3.) To support his claim, Mr. De Maio points to the FEHB program's Standard Form ("SF") 2810 entitled "Notice of Change in Health Benefits," in which Part G of that form states, "Employee Resigned 4/30/2005." *See* Compl., Ex. 1. Mr. De Maio also claims that he twice attempted to enroll in the Blue Cross and Blue Shield Self and Family Plan offered through FEHB and was rejected. *Id.* at 4–5. He argues that the Government's refusal to allow him to enroll in the FEHB program amounted to "malicious action[ ] . . . in the willful falsifying of a federal document." *Id.* at 5. As a result of the Government's alleged actions, Mr. De Maio requests the Court to (1) compel the IRS to enroll him in the FEHB program; (2) award recovery of excess insurance premiums that he allegedly paid from May 2005 until November 2008; (3) award punitive damages ten times the amount of excess premiums paid; and (4) award back pay, interest, and "attorney fees at the GS–905 excepted attorney series of grade 15, step 10, retroactive to the date of the falsified document of May 2005." *Id.* at 5–6.

On February 16, 2010, Mr. De Maio filed a motion requesting the Court to expunge certain documents from his Official Personnel Folder ("OPF") that he claims are "incorrect and criminal." (Pl.'s Mot. Expunge Docs. 1.) In his motion, Mr. De Maio maintains that SF 2810 is factually incorrect and issued with malice aforethought intended "to deny Plaintiff of government contributions towards the two thirds premiums paid by the govern-

ment." *Id.* at 2. Mr. De Maio's motion further requests that "all documents relevant and material" to his removal from the IRS be expunged from his OPF and "any other recorded file," and that he be reinstated "pursuant to his Civil Service Status coupled with all benefits including, but not limited to, reinstatement in the FEHB." *Id.* at 2–3.

On March 9, 2010, Mr. De Maio filed a motion for summary judgment asserting that Defendant failed to timely respond to his complaint and thereby agreed to the facts and law asserted in Mr. De Maio's complaint. (Pl.'s Mot. Summ. J. 1–2.) To support his motion, Mr. De Maio argues that the Court issued in error its March 3, 2010 Order granting the Government's request for an enlargement of time, until March 18, 2010, to respond to Mr. De Maio's complaint. On March 18, 2010, Defendant filed a motion to dismiss Mr. De Maio's complaint pursuant to RCFC 12(b)(1) and 12(b)(6). On March 24, 2010, Mr. De Maio filed an additional motion for summary judgment and a motion for the Inspector General to investigate Defendant. Mr. De Maio argues that the Government engaged in malfeasance and "outright malice" by issuing SF 2810, and therefore, "inspection" of the Defendant is warranted. (Pl.'s Mot. Inspection 2–4.) Subsequently, on March 30, 2010, Defendant filed a motion to suspend proceedings related to Mr. De Maio's motions for summary judgment and his motion for the Inspector General to investigate Defendant. On April 5, 2010, the Court granted Defendant's motion to stay proceedings and directed Mr. De Maio to respond to Defendant's motion to dismiss. On June 1, 2010, the Court also denied Mr. De Maio's motion to strike the Court's April 5, 2010 Order and again directed Mr. De Maio to respond to Defendant's motion to dismiss. On June 7, 2010, Mr. De Maio oddly filed a response to the Court's June 1, 2010 Order reiterating his allegations that he should be enrolled in the FEHB program. The Government treated Mr. De Maio's response to the Court's Order as his opposition to its motion to dismiss and thus filed its reply on June 22, 2010, maintaining that Mr. De Maio's claim should be dismissed for lack of subject matter jurisdiction or failure to state a claim upon which relief may be grant-

ed. To date, Mr. De Maio has submitted no additional filings in response to the Government's motion to dismiss.

## Standard of Review

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Whether the Court has subject matter jurisdiction is a threshold matter. *Am. Renovation & Constr. Co. v. United States,* 77 Fed.Cl. 97, 101 (2007) (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 88–89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)). The plaintiff bears the burden of proving, by a preponderance of the evidence, that the Court has subject matter jurisdiction. *BearingPoint, Inc. v. United States,* 77 Fed.Cl. 189, 193 (2007). This burden of proof similarly applies to *pro se* litigants even though this Court affords *pro se* plaintiffs considerable leeway in presenting their claims. See *Tindle v. United States,* 56 Fed. Cl. 337, 341 (2003); *see also Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Henke v. United States,* 60 F.3d 795, 799 (Fed.Cir.1995) (noting that *pro se* litigants are not exempt from meeting this Court's jurisdictional requirement).

When considering a RCFC 12(b)(1) motion, the Court accepts as true the undisputed allegations in the complaint, and draws all reasonable inferences in favor of the plaintiff. *Hamlet v. United States,* 873 F.2d 1414, 1415–16 (Fed.Cir.1989) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) *abrogated on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). The Court may look "beyond the pleadings and 'inquire[ ] into jurisdictional facts' in order to determine whether jurisdiction exists." *Lechliter v. United States,* 70 Fed.Cl. 536, 543 (2006) (quoting *Rocovich v. United States,* 933 F.2d 991, 993 (Fed.Cir.1991)). If the Court concludes that it lacks subject matter jurisdiction over a claim, RCFC 12(h)(3) requires the Court to dismiss the claim.

### B. Motion to Dismiss for Failure to State a Claim

When considering a motion to dismiss for failure to state a claim upon which relief may be granted, the Court "must accept as true all of the allegations in the complaint, ... and [the Court] must indulge all reasonable inferences in favor of the nonmovant." *Laudes Corp. v. United States,* 86 Fed.Cl. 152, 160 (2009) (quoting *Sommers Oil Co. v. United States,* 241 F.3d 1375, 1378 (Fed.Cir.2001)). To state a claim, the complaint must allege facts "plausibly suggesting (not merely consistent with) a showing of entitlement to relief." *Cary v. United States,* 552 F.3d 1373, 1376 (Fed.Cir.2009). The factual allegations must be "enough to raise a right to relief above the speculative level ... on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint therefore will only be dismissed pursuant to RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." *Laudes Corp.,* 86 Fed.Cl. at 160 (quoting *Lindsay v. United States,* 295 F.3d 1252, 1257 (Fed.Cir.2002)).

## Discussion

### A. The Court Lacks Subject Matter Jurisdiction Over Mr. De Maio's Claims.

Mr. De Maio challenges his removal from his position as an attorney with the IRS and requests this Court to reinstate him with all benefits, including enrollment in the FEHB program, back pay, interest, recovery of excess insurance premiums, and punitive damages. See Compl. 5–6; Pl.'s Mot. Expunge Docs. 5–6. Defendant argues that this Court lacks jurisdiction to entertain Mr. De Maio's challenge to his removal and related claims. The Court agrees.

The Tucker Act grants this Court jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, it is well-established that the Tucker Act by itself does not create substantive

rights. *See, e.g., United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *Berry v. United States,* 86 Fed. Cl. 750, 755 (2009). For this Court to have jurisdiction under the Tucker Act, the plaintiff must identify a "separate money-mandating statute the violation of which supports a claim for damages against the United States." *Holley v. United States,* 124 F.3d 1462, 1465 (Fed.Cir.1997). Mr. De Maio fails to identify a money-mandating statute or regulation to support his claims. However, because Mr. De Maio asserts that his allegedly wrongful termination from the IRS justifies an award of back pay and access to the FEHB program, among other damages, the statute that principally addresses Mr. De Maio's claims is the Civil Service Reform Act ("CSRA" or "Act").

▪ Congress passed the CSRA in 1978 to provide a "comprehensive system for reviewing personnel actions taken against federal employees." *United States v. Fausto,* 484 U.S. 439, 455, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988); *see also Lindahl v. Office of Pers. Mgmt.,* 470 U.S. 768, 774, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985) (providing an overview of the objective of the CSRA). The CSRA created an "integrated scheme of administrative and judicial review, designed to balance the legitimate interests of various categories of federal employees with the needs of sound and efficient administration." *Fausto,* 484 U.S. at 445, 108 S.Ct. 668. Chapter 75 of the Act governs "adverse action taken against employees for the 'efficiency of the service,'" and Subchapter II specifically governs major adverse actions including removal, most relevant to Mr. De Maio's claims in this Court. *Id.* at 446–47, 108 S.Ct. 668; *see also* 5 U.S.C. §§ 7511–14. Under the CSRA's framework, a federal employee may challenge certain adverse personnel actions, including (1) removal; (2) suspension for more than 14 days; (3) reduction in grade; (4) reduction in pay; and (5) furlough of 30 days or less. *See* 5 U.S.C. § 7512. An employee may challenge an adverse personnel action based upon one of the aforementioned subjects by submitting an appeal to the MSPB. 5 U.S.C. § 7543; *see also* 5 U.S.C. § 7701(a)(1) ("An employee, or applicant for employment, may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation."). An employee also may appeal decisions from the Board to the Federal Circuit. *See* 5 U.S.C. § 7703(b)(1) ("[A] petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit.").

▪ While this Court, under certain circumstances, has jurisdiction to entertain adverse personnel actions such as back pay claims, the Supreme Court in *United States v. Fausto* made clear that given the "comprehensive and integrated review scheme of the CSRA," this Court is "not an appropriate authority to review an agency's personnel determination." 484 U.S. at 454, 108 S.Ct. 668. In other words, this Court "lacks jurisdiction over 'personnel actions covered by the CSRA.'" *Berry,* 86 Fed. Cl.at 756 (quoting *Worthington v. United States,* 168 F.3d 24, 26 (Fed.Cir.1999)). This is so even where the adverse personnel action "would otherwise constitute a valid Tucker Act claim." *Gallo v. United States,* 529 F.3d 1345, 1352 (Fed.Cir.2008). Thus, where an employee is "provided a means of redress under the CSRA, that is, an appeal to the Board, the employee does not have an independent cause of action in the [Court of Federal Claims]." *McClary v. United States,* 775 F.2d 280, 282 (Fed.Cir.1985).

In *Read v. United States,* the Federal Circuit examined whether this Court properly dismissed the plaintiff's CSRA claim for lack of jurisdiction. 254 F.3d 1064 (Fed.Cir. 2001). In that case, the plaintiff was removed from his position with the Federal Aviation Administration ("FAA") when his security clearance was revoked. *Id.* at 1065. After an FAA administrative board reversed the security clearance revocation, the plaintiff then filed suit in this Court seeking back pay from his employer. *Id.* The Federal Circuit affirmed this Court's decision to dismiss the plaintiff's claim for lack of jurisdiction. *Id.* at 1067. The Federal Circuit reasoned that because the plaintiff's claim for back pay was based on his removal from his position and his removal was governed by the

CSRA, the MSPB and the Federal Circuit were the only appropriate authorities to find an adverse personnel action and award back pay. *Id.* Similarly, in *Salinas v. United States,* the Federal Circuit affirmed this Court's decision to dismiss the plaintiff's claim for want of jurisdiction. 323 F.3d 1047 (Fed.Cir.2003). In that case, the plaintiff was a Border Patrol agent, who was suspended following an indictment by a Texas grand jury. *Id.* at 1047–48. The Border Patrol later reinstated the plaintiff after he was acquitted on one count and the remaining counts were dismissed. *Id.* However, the Border Patrol refused to grant the plaintiff's request for back pay covering the period of suspension. *Id.* After filing suit in this Court, the Court granted the Government's motion to dismiss for lack of subject matter jurisdiction. The Federal Circuit affirmed this Court's holding, noting that only the MSPB and the Federal Circuit have jurisdiction over adverse personnel actions, including suspensions of more than fourteen days. *Id.* at 1049. The Federal Circuit reasoned that because the plaintiff's back pay claim was based upon his suspension from the Border Patrol, "the existence of the [MSPB's] jurisdiction ... precludes the Court of Federal Claims from entertaining ... back pay suits based upon ... [suspension]." *Id.* at 1049 (citing *Read,* 254 F.3d at 1068).

Like the plaintiffs' claims in *Salinas* and *Read,* Mr. De Maio's claims for health benefits, back pay, and an award of excess premiums paid all relate to his removal from the IRS and properly are governed by the CSRA. The appropriate forum for Mr. De Maio's claims is the MSPB and, on appeal, the Federal Circuit. Mr. De Maio already has exhausted both avenues with respect to these claims. *See De Maio v. Dep't of the Treasury,* 101 M.S.P.B. 131 (MSPB Aug. 18, 2005); *De Maio v. Office of Pers. Mgmt.,* 350 Fed.Appx. 459 (Fed.Cir.2009). In fact, just last year, the Federal Circuit dismissed Mr. De Maio's appeal concerning his removal as barred by the doctrine of *res judicata. De Maio v. Office of Pers. Mgmt.,* 350 Fed.Appx. at 463 ("Mr. De Maio's challenge to his removal and the relief he seeks in connection with his removal are barred under the doctrine of res judicata."). Having exhausted

his legal remedies in the Federal Circuit, Mr. De Maio may not now assert claims relating to his removal in this Court. Accordingly, Defendant's motion to dismiss Mr. De Maio's claims for lack of subject matter jurisdiction is GRANTED.

B. *Defendant's Motion to Dismiss Pursuant to RCFC 12(b)(6).*

Defendant also asserts that Mr. De Maio's claims relating to the comments in SF 2810 and the OPM's failure to enroll him in the FEHB program are beyond this Court's purview and otherwise fail to state a claim upon which relief may be granted. (Def.'s Mot. Dismiss 7–8.) Mr. De Maio argues that the Government intentionally removed him from the FEHB program. To support that claim, Mr. De Maio focuses on Part G of the form which states that "employee resigned 4/30/2005." *See* Compl., Ex. 1. Mr. De Maio alleges that this statement is factually incorrect and requests, among other things, that documents related to his "wrongful removal be expunged from the OPF and any other recorded file." (Pl.'s Mot. Expunge Docs. 5.) Mr. De Maio similarly requests the Court to compel the Government to enroll him in the FEHB program and award damages incurred subsequent to his removal from the program.

For the reasons stated above, the Court lacks jurisdiction to entertain Mr. De Maio's claims related to the comments in SF 2810 and his enrollment in the FEHB program. Both of these claims relate to his removal from the IRS and are within the exclusive jurisdiction of the MSPB and the Federal Circuit. Mr. De Maio already has exhausted his remedies with regard to these claims and the Federal Circuit has determined that challenges to his removal and related relief are barred by *res judicata.* Because this Court lacks jurisdiction to entertain Mr. De Maio's claims, the Court need not address Defendant's motion to dismiss pursuant to RCFC 12(b)(6).

*Conclusion*

Based upon the forgoing, Defendant's motion to dismiss pursuant to RCFC 12(b)(1) is GRANTED. The proceedings related to Mr.

De Maio's motions for summary judgment and motion for the Inspector General to investigate Defendant were stayed pending the Court's decision regarding Defendant's motion to dismiss. In light of this opinion, Mr. De Maio's motions for summary judgment and motion for the Inspector General to investigate are DENIED as moot. Accordingly, the Clerk is directed to DISMISS Plaintiff's complaint without prejudice.

IT IS SO ORDERED.