# United States Court of Appeals for the Federal Circuit

2007-5148

JANE L. GALLO,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

William L. Bransford, Shaw, Bransford, Veilleux & Roth, PC, of Washington, DC, argued for plaintiff-appellant.

David F. D'Alessandris, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Harold D. Lester, Jr., Assistant Director.

Appealed from: United States Court of Federal Claims

Judge Lynn J. Bush

# United States Court of Appeals for the Federal Circuit

2007-5148

JANE L. GALLO,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 06-CV-580, Judge Lynn J. Bush.

_____

DECIDED:    June 9, 2008

_____

Before MICHEL, Chief Judge, SCHALL and DYK, Circuit Judges.

DYK, Circuit Judge.

Appellant Jane L. Gallo ("Gallo") appeals from a decision of the United States Court of Federal Claims dismissing her claim under 5 U.S.C. § 8151(a) (2000) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  Because we agree that the Court of Federal Claims lacked jurisdiction to hear Gallo's claim, we affirm.

## BACKGROUND

This case involves an alleged violation of 5 U.S.C. § 8151, a provision enacted as part of the 1974 amendments to the Federal Employees' Compensation Act

("FECA"). <u>See</u> Pub. L. No. 93-416, 88 Stat. 1143 (1974). Section 8151 is addressed to ensuring the retention rights of Civil Service employees who recover from work-related injuries or disabilities. Subsection (a), involved here, provides:

> (a) In the event the individual resumes employment with the Federal Government, the entire time during which the employee was receiving compensation under this chapter shall be credited to the employee for the purposes of within-grade step increases, retention purposes, and other rights and benefits based upon length of service.

5 U.S.C. § 8151(a).

Gallo was employed with the Federal Aviation Administration ("FAA") as an Air Traffic Controller. The alleged violation occurred after she suffered a compensable on-the-job injury on January 22, 1995. She received benefits from the Office of Workers' Compensation Programs from January 24, 1995, until March 2, 1995, after which she returned to light duty. On January 10, 1996, an FAA physician determined that Gallo was indefinitely incapacitated and therefore unable to work as an air traffic controller. To avoid separation from the federal service, Gallo applied for other FAA jobs that did not require medical certification. On April 14, 1996, she voluntarily transferred to a position as an automation specialist. Because the new position did not provide the same pay or retirement benefits as her initial assignment, the FAA paid Gallo differential Workers' Compensation benefits.

On April 19, 2000, an independent physician determined that Gallo had recovered from her injury. Gallo's Workers' Compensation benefits were terminated on June 19, 2000. In August 2000, Gallo accepted a Supervisory Air Traffic Controller Specialist position. In setting her salary for this position, the FAA did not take into account pay increases that had been granted exclusively to air traffic controllers during

the period that Gallo was working as an automation specialist due to her injury. Gallo contended that this action violated section 8151(a).

Initially, Gallo sought relief before the Merit Systems Protection Board ("Board"). On September 8, 2000, Gallo filed an appeal with the Board, alleging that the FAA violated 5 U.S.C. § 8151 by not adjusting her salary to provide her the pay benefits that had been granted to air traffic controllers during the period that she was assigned to the automation specialist position. The administrative judge ("AJ") granted the government's motion to dismiss Gallo's appeal for lack of jurisdiction and for failure to state a claim. Relying on the Board's decision in Welter v. Department of Transportation, 73 M.S.P.R. 414 (1997), the AJ held that the Board had no jurisdiction over Gallo's claim under section 8151(a) because the Office of Personnel Management ("OPM") regulations "do not afford employees, whose full recovery from a compensable injury takes longer than one year, the right to appeal an alleged 'improper restoration' to the Board." J.A. at 105. Although the AJ did not consider whether Gallo's rights under the provisions of section 8151(a) had been violated, the AJ did consider whether Gallo had stated a claim for relief under section 8151(b)(2), which guarantees priority consideration in reemployment to employees who recover from injuries after more than one year. The AJ found no violation of section 8151(b)(2). Gallo did not appeal the AJ's decision to the full Board or to this court.

On September 12, 2005, Gallo tried a second approach. She filed a formal complaint of employment discrimination with the Department of Transportation ("DOT"), alleging that the FAA, in failing to credit her with the raises, had discriminated against her based on age and gender. The DOT dismissed the complaint under 29 C.F.R.

§ 1614.107(a)(4), which provides for dismissal when the complainant has "raised the matter . . . in an appeal to the Merit Systems Protection Board." Gallo appealed this decision to the United States Equal Employment Opportunity Commission ("EEOC"), which affirmed the dismissal on different grounds. The EEOC found that Gallo had failed to act with due diligence in pursuing her claim, and was therefore barred by the doctrine of laches, because she had waited more than four years after the dismissal of her MSPB appeal to begin pursuing an equal employment opportunity complaint. Although the EEOC's decision explained that Gallo had a right to appeal the dismissal of her complaint by filing a civil action in United States District Court, Gallo did not do so.

Gallo then filed a complaint in the Court of Federal Claims on August 10, 2006, again alleging that the FAA violated her restoration rights under 5 U.S.C. § 8151(a). Gallo alleged jurisdiction based on the Tucker Act, 28 U.S.C. § 1491(a)(1), asserting that section 8151(a) was a money-mandating statute and that she was within the class of plaintiffs entitled to recover under that statute. The government moved to dismiss the action for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. With respect to jurisdiction, the government relied on the rule established in United States v. Fausto, 484 U.S. 439 (1988), which "deprives the Court of Federal Claims of jurisdiction over personnel actions covered by the [Civil Service Reform Act of 1978]." Worthington v. United States, 168 F.3d 24, 26 (Fed. Cir. 1999).

The Court of Federal Claims agreed that it lacked jurisdiction because Gallo's claim was within the scope of the Civil Service Reform Act of 1978 ("CSRA"). Therefore, the Board had exclusive jurisdiction over this category of claim, even though

it might not have jurisdiction in Gallo's individual case. The court further determined that, even if the CSRA did not preclude jurisdiction, Gallo's claim was still governed by the FECA, which gives the Secretary of Labor exclusive jurisdiction to award compensation under that statute. See 5 U.S.C. § 8128. Finally, the court found that even if it had jurisdiction, Gallo had failed to state a claim under section 8151(a) because the statute grants restoration rights only to those who "resume" employment with the federal government. The court interpreted "resume" to require an earlier cessation of federal employment. Because Gallo had not stopped working for the federal government at any time, the court found she could not have resumed employment within the language of the statute.

Gallo timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Court of Federal Claims's decision to dismiss for lack of jurisdiction and for failure to state a claim without deference. Adair v. United States, 497 F.3d 1244, 1250 (Fed. Cir. 2007); Bianchi v. United States, 475 F.3d 1268, 1273 (Fed. Cir. 2007).

I

We first address the government's argument that the Court of Federal Claims correctly determined that section 8151(a) (quoted above) does not create a distinct cause of action because it is merely a preamble to section 8151(b).[1] Specifically, the

---

[1] Subsection (b) provides:

Under regulations issued by the Office of Personnel Management—

government asserts that the overlap between subsections (a) and (b) of section 8151 suggests that subsection (a) merely sets out the general policy Congress intended, while subsection (b) contains the specific provisions through which that policy is to be implemented.

The government's argument is contradicted by the plain language of the statute. Subsection (b) provides employees with the right to be restored to the same or an equivalent position—including the same attendant rights, such as tenure and promotion eligibility—as the employee occupied before the compensable injury, or the right to priority consideration for such a position, depending on the length of the employee's recovery time. Subsection (a), however, provides that, once an employee has been restored as directed by subsection (b), the entire time during which the employee was receiving compensation must be credited for purposes of calculating rights and benefits that are based on length of service. Construing subsection (a) to have independent substantive force is required by "the elementary canon of construction that a statute

---

(1) the department or agency which was the last employer shall immediately and unconditionally accord the employee, if the injury or disability has been overcome within one year . . . , the right to resume his former or an equivalent position, as well as all other attendant rights which the employee would have had, or acquired, in his former position had he not been injured or disabled, including the rights to tenure, promotion, and safeguards in reductions-in-force procedures, and

(2) the department or agency which was the last employer shall, if the injury or disability is overcome within a period of more than one year . . . , make all reasonable efforts to place, and accord priority to placing, the employee in his former or an equivalent position within such department or agency, or within any other department or agency.

5 U.S.C. § 8151(b).

should be interpreted so as not to render one part inoperative." Colautti v. Franklin, 439 U.S. 379, 392 (1979). This is particularly true of provisions such as section 8151(a) which, as the Court of Federal Claims noted, is "written in mandatory terms." J.A. at 17. Furthermore, this reading does not render subsection (a) superfluous for employees who recover from compensable injuries within one year. Section 8151(b) grants such employees the right to be restored to their former or an equivalent position, whereas section 8151(a) confers the right to have the time when they were receiving compensation credited for purposes of within-grade step increases, retirement, and other rights and benefits based on length of service.

OPM's regulations also make clear that section 8151(a) has independent substantive force. A separate regulatory provision tracks the language of section 8151(a):

> Upon reemployment, an employee absent because of . . . compensable injury is generally entitled to be treated as though he or she had never left. This means that a person who is reemployed following . . . full recovery from compensable injury receives credit for the entire period of the absence for purposes of rights and benefits based upon seniority and length of service, including within-grade increases, career tenure, completion of probation, leave rate accrual, and severance pay.

5 C.F.R. § 353.107. This regulation makes clear that OPM itself understood section 8151(a) to confer separate substantive rights from those afforded by section 8151(b).

The legislative history of section 8151 confirms that the two subsections are directed to different substantive rights. The report of the Senate Committee on Labor and Public Welfare explains the dual purposes of section 22 of the bill, which became section 8151 of the statute:

> The amendment made by this section would assure injured employees who are able to return to work at some later date that, during their period

of disability, they will incur no loss of benefits that they would have received were they not injured. <u>In addition</u>, this amendment provides an absolute right to an employee who is injured and who recovers within one year from the date compensation begins . . . [to] return to his old job or an equivalent position. For those employees whose disability extends beyond one year, the employing agency or department is to give priority in employment to the injured worker upon recovery.

S. Rep. No. 93-1081, as reprinted in 1974 U.S.C.C.A.N. 5341, 5352 (emphasis added). The report thus makes clear that the two subsections of the statute are intended to accomplish two distinct goals, and that subsection (a) is not a mere preamble to subsection (b).

II

We next consider whether the rights conferred by section 8151(a) are enforceable in the Court of Federal Claims under the Tucker Act.

A

The government argues that the FECA precludes jurisdiction in the Court of Federal Claims. The government relies on 5 U.S.C. § 8128(b), which provides that "[t]he action of the Secretary [of Labor] or his designee in allowing or denying a payment under this subchapter is--(1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by . . . a court by mandamus or otherwise." <u>See also</u> <u>Lindahl v. Office of Pers. Mgmt.</u>, 470 U.S. 768, 779-80 & n.13 (1985) (citing section 8128(b) as an example of the "unambiguous and comprehensive" language used by Congress when it "intends to bar judicial review altogether"). The government's contention is without merit.

Section 8151(a) is within the same subchapter as section 8128(b). However, no action of the Secretary of Labor or the Secretary's designee is at issue here. Upon

Gallo's reemployment after recovering from her injury, FAA officials, not Department of Labor officials, set her salary. It is the action of those FAA officials that Gallo seeks to challenge. Section 8128(b) is not implicated here because Gallo's claim does not challenge any action of the Secretary of Labor in allowing or denying any payment. Thus, in Gallo's case, the statute is irrelevant to the jurisdiction of the Court of Federal Claims.

B

The government also argues that jurisdiction is precluded under Fausto, which, as noted above, "deprives the Court of Federal Claims of jurisdiction over personnel actions covered by the CSRA." Worthington, 168 F.3d at 26. Gallo argues that the rule established in Fausto does not apply to her claim because the Board has no jurisdiction over claims under section 8151(a). Both the AJ, in Gallo's appeal to the Board, and the Court of Federal Claims found that the Board lacked jurisdiction over such claims, that is, over improper restoration claims by employees whose recovery from a compensable injury took longer than one year. We conclude that the Board and the Court of Federal Claims were incorrect. The Board does have jurisdiction over claims under section 8151(a).

The issue is whether "any law, rule, or regulation" permits an employee to bring an appeal based on section 8151(a) to the Board. See 5 U.S.C. § 7701(a) (granting the Board appellate jurisdiction over an employee's appeal "from any action which is appealable to the Board under any law, rule, or regulation"). The Board's regulations provide for appellate jurisdiction based on "[f]ailure to restore, improper restoration of, or failure to return following a leave of absence an employee or former employee of an

agency in the executive branch . . . following partial or full recovery from a compensable injury." 5 C.F.R. § 1201.3(a)(12) (emphasis added). The Board regulation's authorization of appeal rights from improper restorations would appear to encompass appeals based on section 8151(a). A violation of section 8151(a)—entailing the restoration of an employee without proper crediting of the time during which that employee was receiving disability-related compensation—appears to constitute an improper restoration within the scope of the appeal rights provided by 5 C.F.R. § 1201.3(a)(12).

The AJ (following Board precedent) and the Court of Federal Claims, however, concluded that regulations issued by OPM to implement section 8151(b) somehow limited the Board's jurisdiction over claims under section 8151(a). These regulations are hardly a model of clarity. Like the Board's regulations, the OPM regulations also appear to grant appeal rights to employees in Gallo's position. Section 353.304(a) states that, "[e]xcept as provided in paragraphs (b) and (c) of this section, an injured employee or former employee of an agency in the executive branch . . . may appeal to the MSPB an agency's failure to restore, improper restoration, or failure to return an employee following a leave of absence." 5 C.F.R. § 353.304(a). But the Board has interpreted section 353.304(a) not to apply at all to employees who fall within the scope of paragraphs (b) and (c)—namely, those whose full recovery takes longer than one year or whose recovery is only partial. See Welter, 73 M.S.P.R. at 420 (holding that OPM regulations "do not afford an employee . . . whose full recovery from a compensable injury takes longer than 1 year . . . the right to appeal an alleged improper restoration to the Board"); 5 C.F.R. § 353.304(b), (c).

The Court of Federal Claims reached the same conclusion by effectively rewriting the regulation: the court's opinion quotes the statute as saying that an "individual who fully recovers from a compensable injury more than 1 year after compensation begins may [only] appeal to MSPB as provided for in parts 302 and 330 of this chapter." J.A. at 19 (alteration in original). Since part 302 applies only to employees, unlike Gallo, who are in the excepted service, and since part 330 only provides for appeals from alleged denials of reemployment priority rights, the Court of Federal Claims concluded that Gallo had no right to appeal from the agency actions at issue. The word "only" does not appear in the regulation, however, and the actual text suggests the opposite conclusion. The word "except," as used in section 353.304(a), simply alludes to the fact that not all employees to whom sections 353.304(b) and 353.304(c) apply have restoration rights in all circumstances. It does not mean that any employee who is within the scope of subsection (b) or (c), and is granted statutory restoration rights, does not have the right to appeal an improper restoration under subsection (a).

Furthermore, other aspects of the OPM regulations suggest that section 353.304(a) applies broadly to all improper restoration claims. As discussed above, 5 C.F.R. § 353.107 provides that an employee must receive credit for the time during which he or she was receiving compensation for purposes of rights and benefits based on length of service—the same guarantee provided by section 8151(a) of the statute. Moreover, like section 8151(a), this regulation does not distinguish between employees based on length of recovery time. It is unlikely that OPM would have created a right and yet failed to provide an enforcement mechanism for employees whose recovery took longer than one year.

However, even if we were to assume that the OPM regulations themselves do not confer appeal rights for section 8151(a) claims, this does not suggest that the Board's regulations do not do so. The Board regulations are clear on their face in conferring jurisdiction over "improper restoration" claims. The Board's decisions to the contrary are erroneous. Because an action under section 8151(a) is within the Board's appellate jurisdiction under the CSRA and the Board's regulations, the Court of Federal Claims lacks jurisdiction over such an action even assuming that it would otherwise constitute a valid Tucker Act claim.

III

Gallo argues that it would be unfair to bar her claim at the Court of Federal Claims because the AJ initially held that the Board had no jurisdiction, and the Board would now hold an appeal from that decision to be time-barred. This latter point is far from certain. Under 5 U.S.C. § 7701(e)(1)(B) and 5 C.F.R. § 1201.118, the Board has authority to reopen and reconsider the initial decision of an AJ at any time. Moreover, the Board has explained that "reopening and reconsideration may be appropriate where there is clear and material legal error, and a conflict between the holding of the decision and a controlling precedent or statute, either because of an oversight or a change in controlling law between the date of the original decision and the reopening request." Olson v. Dep't of Agric., 91 M.S.P.R. 525, 529 (2002). In Gallo's case, the AJ, relying on Board precedent, see Welter, 73 M.S.P.R. at 418-20, held that the Board has no jurisdiction over any improper restoration claim if the employee did not recover from the compensable injury within one year. Given our decision in this case, holding that the

Board's limited view of its jurisdiction over claims under section 8151(a) is incorrect, we assume that the Board would look favorably on a motion to reopen.

Thus, we conclude that the Court of Federal Claims correctly dismissed Gallo's Tucker Act claim for lack of jurisdiction. Under the circumstances, we need not address the court's alternative holding that Gallo failed to state a claim upon which relief may be granted because she did not "resume" employment under the meaning of 8151(a). That issue should be addressed by the Board in the first instance.

CONCLUSION

For the foregoing reasons, the judgment of the Court of Federal Claims is affirmed.

AFFIRMED

COSTS

No costs.