**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CLAUDE E. HUDSON, JR.,
             Appellant,

             v.

DEPARTMENT OF VETERANS
    AFFAIRS,
             Agency.

DOCKET NUMBER
SF-3443-21-0364-I-1

DATE:  September 19, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Claude E. Hudson, Jr., Berry Creek, California, pro se.

Catherine Oh, Palo Alto, California, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and did not participate in the adjudication of this appeal.

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the Western Regional Office for further adjudication in accordance with this Remand Order. We also FORWARD the appellant's petition for review to the regional office for docketing as a new individual right of action (IRA) appeal.

## BACKGROUND

The appellant was a WG-10 Electrician for the agency. Initial Appeal File (IAF), Tab 10 at 9. On February 13, 2012, he suffered a compensable injury and was absent from duty, receiving wage loss compensation benefits until October 1, 2018, when the agency returned him to duty in his position of record. IAF, Tab 5 at 13-14, 17, Tab 10 at 9-22. On April 6, 2019, the appellant resigned. IAF, Tab 10 at 23.

On May 25, 2021, the appellant filed a Board appeal, indicating that he was appealing a "failure to restore leave and payments." IAF, Tab 1 at 3. The appellant explained that he had requested restoration of annual leave, and although his supervisor approved his request, his leave was never actually restored. *Id*. at 5, 12. He appeared to attribute the matter to an administrative error in the submission of his claim for compensation. *Id*. at 5. The appellant did not request a hearing. *Id*. at 2.

The administrative judge issued an acknowledgment order, stating that the Board might lack jurisdiction over the appellant's claim outside the context of an IRA appeal, a Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) appeal, or a Veterans Employment Opportunities Act of 1998 (VEOA) appeal. IAF, Tab 2 at 2-3. He advised the appellant to indicate whether he was attempting to pursue one of these types of claims and ordered him to file evidence and argument on the jurisdictional issue. *Id*. at 3. The appellant responded, asserting that he had filed an equal employment opportunity case, which had settled, and the workers' compensation issue was outside the scope of that settlement agreement. IAF, Tab 4 at 3. He filed some documentary evidence

related to his settlement and to his injury, absence, and return to duty.[2]  IAF, Tab 4 at 4, Tab 5 at 4-27.  The appellant further argued that the Board has jurisdiction over this appeal as a prohibited personnel practice under 5 U.S.C. § 2302, and he provided evidence of his efforts to receive payment for restored annual leave.  IAF, Tab 11.  The agency moved to dismiss the appeal for lack of jurisdiction.  IAF, Tab 10.

After the record on jurisdiction closed, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 12, Initial Decision (ID).  He found that the appellant's complaint concerning the agency's failure to restore leave and benefits was not within the Board's adverse action jurisdiction and that the appellant failed to identify any other basis for Board jurisdiction.  ID at 3-5.

The appellant has filed a petition for review in which he appears to argue that the Board has jurisdiction over this appeal under the Whistleblower Protection Enhancement Act of 2012 (WPEA) and that the agency improperly delayed in restoring him to duty.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response.  PFR File, Tab 3.

## ANALYSIS

The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  Absent an otherwise appealable action, the Board generally lacks jurisdiction over restoration of leave matters.  *See Fesler v. Department of the Interior*, 52 M.S.P.R. 660, 663 (1992).

For the reasons explained in the initial decision, we agree with the administrative judge that the appellant did not make a nonfrivolous allegation of

---

[2] The appellant also filed copies of several documents that pertain to financial hardship and an ongoing dispute with his property and casualty insurer.  IAF, Tab 5 at 28-40, Tab 8.  These documents are not germane to the appellant's employment.

Board jurisdiction under VEOA, USERRA, the WPEA, or 5 U.S.C. chapter 75.[3] ID at 3-5. Nor is a prohibited personnel practice an independent source of Board jurisdiction. *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). Nevertheless, on petition for review, the appellant alleges that, after the initial decision was issued, he filed a whistleblower complaint with the Office of Special Counsel (OSC). PFR File, Tab 1 at 4, 11-13.

The mere filing of an OSC whistleblower complaint is insufficient to establish Board jurisdiction over an IRA appeal. *Cf. Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014) (setting forth the jurisdictional elements for an IRA appeal). However, it appears that the appellant is attempting to invoke the Board's IRA jurisdiction and that he has already taken the initial step of filing a complaint with OSC under 5 U.S.C. § 1214(a)(3). Mindful that there is a statutory deadline for filing an IRA appeal that is not subject to waiver for good cause shown, and in the interest of preserving this pro se appellant's rights, we forward his petition for review to the regional office for docketing as a new IRA appeal. *See* 5 U.S.C. § 1214(a)(3)(A)(ii) (providing that an IRA appeal must be filed no more than 60 days after OSC notifies the complainant that it has terminated its investigation); *Pacilli v. Department of Veterans Affairs*, 113 M.S.P.R. 526, ¶ 10 (holding that the statutory time limit for filing an IRA appeal cannot be waived for good cause shown), *aff'd*, 404 F. App'x 466 (Fed. Cir. 2010); *see, e.g.*, *Murphy v. Department of Veterans Affairs*, 102 M.S.P.R. 238, ¶¶ 6, 9-10 (2006) (forwarding the appellant's request for corrective action, made for the first time on petition for review in her constructive adverse action appeal, for docketing as an IRA appeal). The IRA appeal will be deemed filed on July 21, 2021, the date of the appellant's petition for review in this case. After docketing this appeal, the administrative judge should confirm that the appellant

---

[3] Nor did the appellant make a nonfrivolous allegation of Board jurisdiction under 38 U.S.C. § 714.

wishes to pursue corrective action under 5 U.S.C. § 1221 and, if he does, fully apprise him of his jurisdictional burden. *See Murphy*, 102 M.S.P.R. 238, ¶ 9.

We also find that the instant appeal needs to be remanded for further proceedings under 5 U.S.C. § 7701 because it appears that the appellant may be attempting to raise a restoration claim under 5 C.F.R. part 353, subpart C. An administrative judge may dismiss an appeal for lack of jurisdiction only if the appellant has been placed on specific notice of what must be shown or alleged to establish jurisdiction, and the appellant fails to make the requisite showing or allegations. *See Burgess v. Merit Systems Protection Boar*d, 758 F.2d 641, 643-44 (Fed. Cir. 1985). Here, although the facts of this case revolve around the appellant's absence from duty for a compensable injury, the administrative judge did not put him on notice of the jurisdictional elements of a restoration claim and afford him an opportunity to establish jurisdiction. *See Kapica v. U.S. Postal Service*, 95 M.S.P.R. 556, ¶ 8 (2004).

The statute that governs restoration to duty after a compensable injury is 5 U.S.C. § 8151. This statute has two distinct components. *Gallo v. United States*, 529 F.3d 1345, 1348-49 (Fed. Cir. 2008). Subsection (a) provides that a compensably injured individual who returns to Federal employment must receive service credit "for the purposes of within-grade step increases, retention purposes, and other rights and benefits based upon length of service" for the entire amount of time that he was on the workers' compensation rolls. 5 U.S.C. § 8151(a). Subsection (b) prescribes the efforts that an agency must undertake to restore a compensably injured individual to duty once he has recovered from his injury. 5 U.S.C. § 8151(b). In other words, the statute provides compensably injured individuals both the right to be restored to duty and the right to receive service credit for their time on the workers' compensation rolls. The parameters of these restoration rights are set out more fully in implementing regulations of the Office of Personnel Management (OPM), and they differ to some degree depending on the timing and extent of the employee's recovery. *Hall v.*

*Department of the Navy*, 94 M.S.P.R. 262, ¶ 17 (2003); 5 C.F.R. §§ 353.107, 353.301. OPM has also provided a regulatory right of appeal to the Board for a denial of restoration or an "improper restoration," i.e., a restoration to duty without the proper service credit. These appeal rights likewise differ depending on the timing and extent of the employee's recovery. *Hall*, 94 M.S.P.R. 262, ¶ 18; 5 C.F.R. § 353.304. In this case, it is not clear whether the appellant is attempting to appeal a denial of restoration, an improper restoration, or both.

To the extent that the appellant is attempting to appeal a denial of restoration, it appears to be undisputed that he remained on the workers' compensation rolls until October 1, 2018, whereupon the agency promptly restored him to duty in his position of record. IAF, Tab 10 at 22. Therefore, even if the appellant fit the definition of "fully recovered" under 5 C.F.R. § 353.102, he would not be able to establish jurisdiction over a denial of restoration claim as a fully recovered individual. The record shows that, immediately upon cessation of workers' compensation payments, the agency met or exceeded its statutory and regulatory obligations to restore the appellant to duty as a fully recovered individual. *See* 5 U.S.C. § 8151(b)(2); 5 C.F.R. § 353.301(b).[4]

---

[4] Under OPM's regulations, individuals in the competitive service who fully recover after 1 year are entitled to reemployment priority under 5 C.F.R. part 330, subpart B, and have Board appeal rights as prescribed under 5 C.F.R. § 330.214. 5 C.F.R. § 353.304(b). However, these provisions apply only to individuals who were separated from service or placed in a position with lower grade or pay as a result of compensable injuries. *See* 5 C.F.R. § 330.203(b) (setting forth the eligibility criteria for placement on a reemployment priority list due to a compensable injury). Because the appellant in this case was carried in leave without pay status in his same WG-10 Electrician position for the entire duration of his absence from duty, IAF, Tab 10 at 9-22, the agency's more general statutory obligation to "make all reasonable efforts to place . . . the [employee] in his former or equivalent position" would apply instead. *See* 5 C.F.R. § 353.304(a) (providing the right to appeal an agency's failure "to return an employee following a leave of absence"); *see also Gallo*, 529 F.3d at 1351 (holding that the appeal rights provided in 5 C.F.R. § 353.304(b) are not exclusive of the appeal rights provided in 5 C.F.R. § 353.304(a)).

Nevertheless, this does not necessarily prevent the appellant from establishing Board jurisdiction over a denial of restoration claim as a partially recovered individual. Indeed, the appellant appears to argue on petition for review that the agency should have restored him to duty sooner than it did because he had previously recovered sufficiently to perform work with less demanding physical requirements. PFR File, Tab 1 at 5; *see* 5 C.F.R. § 353.102 (defining "partially recovered"). Furthermore, although the agency ultimately restored the appellant to duty as a WG-10 Electrician, the Board has held that an unreasonable delay in restoring an employee to duty may be tantamount to a denial of restoration. *Taylor v. U.S. Postal Service*, 69 M.S.P.R. 479, 483 (1996). Thus, to the extent that the appellant is attempting to appeal a denial of restoration as a partially recovered individual, he may establish jurisdiction over his appeal by making nonfrivolous allegations that: (1) he was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of him; (3) the agency denied his request for restoration; and (4) the denial was arbitrary and capricious. *Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 12.

Nor would the appellant necessarily be prevented from establishing Board jurisdiction over a denial of restoration claim as a physically disqualified individual. He may establish jurisdiction over such an appeal by making nonfrivolous allegations that: (1) he was absent from his position due to a compensable injury; (2) he was "physically disqualified" within the meaning of 5 C.F.R. § 353.102; (3) he requested restoration within 1 year of the date of his eligibility for workers' compensation benefits; and (4) the agency failed to afford him the restoration rights set forth in 5 C.F.R. § 353.301(c). *See Gerdes v. Department of the Treasury*, 89 M.S.P.R. 500, ¶¶ 6-13 (2001).

To the extent that the appellant is attempting to appeal an improper restoration, i.e., a restoration to duty without full-service credit for time spent on

the workers' compensation rolls, the Board has jurisdiction to determine whether an agency has fully provided a restored employee with the independent restoration rights to which he is entitled under 5 U.S.C. § 8151(a). *Gallo*, 529 F.3d at 1350-52; *McFarlane v. U.S. Postal Service*, 110 M.S.P.R. 126, ¶ 18 (2008). To establish jurisdiction over such a claim, an appellant must make nonfrivolous allegations that: (1) the agency restored him to duty following a separation or absence due to a compensable injury; and (2) the agency failed to afford him service credit as required under 5 U.S.C. § 8151(a) and 5 C.F.R. § 353.107. *See McFarlane*, 110 M.S.P.R. 126, ¶¶ 18-19.

In this case, it appears that the appellant may be seeking credit for annual leave that would have accrued if he had remained in a work or paid leave status during the 6.5 years that he was on leave without pay and receiving workers' compensation. IAF, Tab 1 at 5, Tab 5 at 8. This is not the sort of service credit that is contemplated in 5 U.S.C. § 8151(a). "Although the rate at which a Federal employee accumulates annual and sick leave depends on his or her length of service, an employee's basic entitlement to such leave does not." *Burtch v. U.S. Postal Service*, 47 M.S.P.R. 518, 521, *aff'd*, 949 F.2d 404 (Fed. Cir. 1991) (Table). Furthermore, the appellant's receipt of workers' compensation benefits does not create an exception to the general rule that annual leave does not accrue during extended periods of leave without pay. *See Burtch*, 47 M.S.P.R. at 521-22; 5 C.F.R. § 630.208. Nevertheless, because this pro se appellant's pleadings are not entirely clear, and because he did not previously receive notice of his jurisdictional burden, he will have an opportunity to clarify his claim and establish jurisdiction on remand.[5]

---

[5] Although the SF-50 documenting the appellant's return to duty states that "the entire period [from February 15, 2012, through October 1, 2018] shall be credited for all rights and benefits based on length of service," it is not clear that the agency actually accomplished this. The SF-50 documenting the appellant's initial absence from duty shows that he was a WG-10, step 4 employee on February 15, 2012, and the SF-50 documenting his resignation shows that he was still a WG-10, step 4 employee more than 7 years later. IAF, Tab 10 at 9. It would appear that the appellant should have received multiple within-grade increases for that time period if the agency had treated

We observe that, even if the appellant were to establish jurisdiction over a restoration appeal, there would be a significant question of timeliness. A restoration appeal must be filed no later than 30 days after the effective date of the action being appealed, or 30 days after the appellant's receipt of the agency's decision, whichever is later. *Cranston v. U.S. Postal Service*, 106 M.S.P.R. 290, ¶ 8 (2007); 5 C.F.R. § 1201.22(b). Because the appellant did not file the instant appeal until May 25, 2021, it is likely that his appeal was untimely filed by a number of years. Nevertheless, before the administrative judge dismisses the appeal as untimely, the appellant will receive explicit notice of his burden on the timeliness issue and an opportunity to demonstrate that his appeal was timely or that there was good cause for any delay. *See Wright v. Department of Transportation*, 99 M.S.P.R. 112, ¶ 12 (2005). To the extent that the jurisdictional and timeliness issues are intertwined, the administrative judge should address the jurisdictional issue first. *See Wylie v. Department of Agriculture*, 99 M.S.P.R. 71, ¶ 6 (2005). Otherwise, the administrative judge may address the jurisdictional and timeliness issues in whichever order he deems appropriate.

---

him "as though he . . . had never left." 5 C.F.R. § 353.107; *see* 5 C.F.R. § 531.405. Moreover, it is well established that "the SF-50 is not a legally operative document controlling on its face an employee's status and rights." *Grigsby v. Department of Commerce*, 729 F.2d 772, 776 (Fed. Cir. 1984).

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:                    _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.