**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

COLLETTE N. CURRY,
            Appellant,

      v.

UNITED STATES POSTAL SERVICE,
            Agency.

DOCKET NUMBER
AT-3443-25-0169-I-1

DATE: April 3, 2026

# THIS ORDER IS NONPRECEDENTIAL[1]

Collette N. Curry, Daytona Beach, Florida, pro se.

Roderick Eves, Esquire, and Ayana Bowman, Esquire, St. Louis, Missouri,
    for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant is a nonpreference-eligible City Carrier for the agency. Initial Appeal File (IAF), Tab 1 at 6, Tab 6 at 60. She filed a complaint with the agency's equal employment opportunity office alleging that, beginning on March 28, 2024, the agency "sent [her] home due to no work being available," which the agency accepted as timely. IAF, Tab 2 at 2. According to the Postal Service Form 50 (PS-50) documenting that action, the appellant was placed in a status of "[leave without pay] (exceeding 30 calendar days)," effective March 29, 2024. IAF, Tab 6 at 60. The PS-50 contains an Office of Workers' Compensation Programs (OWCP) case number. *Id.* After receiving the final agency decision, the appellant timely filed the instant mixed case appeal with the Board challenging this action and requesting a hearing. IAF, Tab 1 at 6-7, Tab 2 at 2. Specifically, she alleged that she suffered an on-the-job injury and was able to return to work with restrictions "up until [the agency] removed [her and her] restrictions." IAF, Tab 1 at 7. She also alleged she is "in disability now" and receiving workers' compensation benefits. *Id.* at 7, 9.

The administrative judge issued an acknowledgment order, stating that the Board might lack jurisdiction over the appellant's claim outside the context of an Individual Right of Action (IRA) appeal,[2] a Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) appeal, or a Veterans Employment Opportunities Act of 1998 (VEOA) appeal. IAF, Tab 3 at 3-4. He ordered her to file evidence and argument on the jurisdictional issue. *Id.* at 4. The appellant did not respond. The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 6.

---

[2] The administrative judge erred by suggesting in the acknowledgment order that the appellant could establish jurisdiction over the appeal by raising a claim that the agency retaliated against her for whistleblowing. IAF, Tab 3 at 2-3. U.S. Postal Service employees, such as the appellant, cannot file IRA appeals seeking corrective action for retaliation for whistleblowing. *See Kapica v. U.S. Postal Service*, 95 M.S.P.R. 556, ¶ 6 (2004).

Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 7, Initial Decision (ID) at 1, 3. He found that the appellant's appeal concerning the agency's decision to order her to stop performing her duties was not within the Board's adverse action jurisdiction and that the appellant failed to identify any other basis for Board jurisdiction. ID at 2-3.

The appellant has filed a petition for review in which she reraises her allegations that she suffered an on-the-job injury and that she had been performing well on her route with light-duty restrictions until the agency removed her from her route and placed her on OWCP. Petition for Review (PFR) File, Tab 1 at 2. The appellant also alleges that "someone is putting [her] on the clock," which has resulted in her owing a debt to the agency, and that she lost annual leave. *Id.* The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

We find that the instant appeal must be remanded for further proceedings under 5 U.S.C. § 7701 because it appears that the appellant may be attempting to raise a restoration claim under 5 C.F.R. part 353, subpart C. An administrative judge may dismiss an appeal for lack of jurisdiction only if the appellant has been placed on specific notice of what must be shown or alleged to establish jurisdiction, and the appellant fails to make the requisite showing or allegations. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). Here, the appellant's initial appeal and PS-50 indicate that she is a nonpreference-eligible U.S. Postal Service employee. IAF, Tab 1 at 6, Tab 6 at 60. However, the administrative judge's acknowledgement order did not put her on notice of the jurisdictional elements of an adverse action appeal under 39 U.S.C. § 1005(a)(4)(A)(ii). Additionally, although the appellant's allegations concern her absence from duty for a compensable injury, the administrative judge did not put her on notice of the jurisdictional elements of a restoration claim. *See*

*Kapica v. U.S. Postal Service*, 95 M.S.P.R. 556, ¶ 8 (2004). The administrative judge also did not provide the proper notices in the initial decision itself in order to afford the appellant the opportunity to meet her jurisdictional burden on review. *See Milam v. Department of Agriculture*, 99 M.S.P.R. 485, ¶ 10 (2005).

The statute that governs restoration to duty after a compensable injury is 5 U.S.C. § 8151. This statute has two distinct components. *Gallo v. United States*, 529 F.3d 1345, 1348-49 (Fed. Cir. 2008). Subsection (a) provides that a compensably injured individual who returns to Federal employment must receive service credit "for the purposes of within-grade step increases, retention purposes, and other rights and benefits based upon length of service" for the entire amount of time that she was on the workers' compensation rolls. 5 U.S.C. § 8151(a). Subsection (b) prescribes the efforts that an agency must undertake to restore a compensably injured individual to duty once she has recovered from her injury. 5 U.S.C. § 8151(b). In other words, the statute provides compensably injured individuals both the right to be restored to duty and the right to receive service credit for their time on the workers' compensation rolls. The parameters of these restoration rights are set out more fully in the implementing regulations of the Office of Personnel Management (OPM), and they differ to some degree depending on the timing and extent of the employee's recovery. *Hall v. Department of the Navy*, 94 M.S.P.R. 262, ¶ 17 (2003), *modified on other grounds by Welby v. Department of Agriculture*, 101 M.S.P.R. 17, ¶¶ 14-15 (2006); 5 C.F.R. §§ 353.107, 353.301. OPM has also provided a regulatory right of appeal to the Board for a denial of restoration or an "improper restoration," i.e., a restoration to duty without the proper service credit. These appeal rights likewise differ depending on the timing and extent of the employee's recovery. *Hall*, 94 M.S.P.R. 262, ¶ 18; 5 C.F.R. § 353.304. In this case, it is not clear whether the appellant is attempting to appeal a denial of restoration, an improper restoration, or both.

The appellant appears to argue that the agency wrongfully terminated an earlier restoration or should have restored her to duty because she had recovered sufficiently to perform work with less demanding physical requirements. IAF, Tab 1 at 7; PFR File, Tab 1 at 2; *see* 5 C.F.R. § 353.102 (defining "partially recovered"). The Board has held that wrongfully terminating a restoration previously granted may constitute a denial of restoration within the meaning of 5 C.F.R. § 353.304(c). *Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 13 n.6. Also, an unreasonable delay in restoring an employee to duty may be tantamount to a denial of restoration. *Taylor v. U.S. Postal Service*, 69 M.S.P.R. 479, 483 (1996). Thus, to the extent that the appellant is attempting to appeal a denial of restoration as a partially recovered individual, she may establish jurisdiction over her appeal by making nonfrivolous allegations that: (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the denial was arbitrary and capricious. *Cronin*, 2022 MSPB 13, ¶ 12.[3]

The appellant can also establish Board jurisdiction over a denial of restoration claim as a physically disqualified individual. She may establish jurisdiction over such an appeal by making nonfrivolous allegations that: (1) she was absent from her position due to a compensable injury; (2) she was "physically disqualified" within the meaning of 5 C.F.R. § 353.102; (3) she requested restoration within 1 year of the date of her eligibility for workers' compensation benefits; and (4) the agency failed to afford her the restoration

---

[3] A denial of restoration is arbitrary and capricious for purposes of section 353.304(c) only if an agency fails to meet its obligation under section 353.301(d), i.e., to search within the local commuting area for vacant positions to which it can restore a partially recovered employee and to consider her for any such vacancies. *Cronin*, 2022 MSPB 13, ¶ 20.

rights set forth in 5 C.F.R. § 353.301(c). *See Gerdes v. Department of the Treasury*, 89 M.S.P.R. 500, ¶¶ 6-13 (2001).

To the extent that the appellant is attempting to appeal an improper restoration, i.e., a restoration to duty without full service credit for time spent on the workers' compensation rolls, the Board has jurisdiction to determine whether an agency has fully provided a restored employee with the independent restoration rights to which she is entitled under 5 U.S.C. § 8151(a). *Gallo*, 529 F.3d at 1350-52; *McFarlane v. U.S. Postal Service*, 110 M.S.P.R. 126, ¶ 18 (2008). To establish jurisdiction over such a claim, an appellant must make nonfrivolous allegations that: (1) the agency restored her to duty following a separation or absence due to a compensable injury; and (2) the agency failed to afford her service credit as required under 5 U.S.C. § 8151(a) and 5 C.F.R. § 353.107. *See McFarlane*, 110 M.S.P.R. 126, ¶¶ 18-19.

In this case, it appears based on the appellant's allegations on review that she may be seeking credit for annual leave that would have accrued if she had remained in a work or paid leave status during the period that she was on leave without pay and receiving workers' compensation. PFR File, Tab 1 at 2. This is not the sort of service credit that is contemplated in 5 U.S.C. § 8151(a). "Although the rate at which a Federal employee accumulates annual and sick leave depends on his or her length of service, an employee's basic entitlement to such leave does not." *Burtch v. U.S. Postal Service*, 47 M.S.P.R. 518, 521, *aff'd*, 949 F.2d 404 (Fed. Cir. 1991) (Table). Furthermore, the appellant's receipt of workers' compensation benefits does not create an exception to the general rule that annual leave does not accrue during extended periods of leave without pay. *See id.* at 521-22; 5 C.F.R. § 630.208. Nevertheless, because this pro se appellant's pleadings are not entirely clear, and because she did not previously receive notice of her jurisdictional burden, she will have an opportunity to clarify her claims and establish jurisdiction on remand.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:      _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.