NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**A.M.,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

_____

2022-2235

_____

Appeal from the United States Court of Federal Claims in No. 1:21-cv-01157-TMD, Judge Thompson M. Dietz.

_____

Decided: January 29, 2025

_____

BRUCE AFRAN, Princeton, NJ, argued for plaintiff-appellant.

ERIC LAUFGRABEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY.

_____

Before PROST, TARANTO, and CHEN, *Circuit Judges*.

CHEN, *Circuit Judge*.

Appellant appeals from the United States Court of Federal Claims (Claims Court) decision to dismiss his complaint for lack of subject matter jurisdiction. *See A.M. v. United States*, 161 Fed. Cl. 1, 6 (2022) (*Decision*). For the following reasons, we *affirm*.

I.

At the outset, we note that the Claims Court granted Appellant's motion to seal, so much of the factual background of this case will be provided at a high level of generality. *See A.M. v. United States*, No. 21-1157, 2022 WL 6880896, at *3 (Fed. Cl. July 5, 2022).

Appellant was employed by a federal agency. After being found guilty of a criminal offense by a state-court jury, Appellant was suspended and ultimately removed from his federal employment. *Decision*, 161 Fed. Cl. at 3.

On December 15, 2017, Appellant appealed that removal to the Merit Systems Protection Board (MSPB). *Id.* At that time, the MSPB lacked a quorum and therefore could not review the Appellant's removal. *Id.*

On April 5, 2021, Appellant filed a complaint with the Claims Court. *Id.* That complaint alleged that the agency deprived him of his salary and benefits and sought reinstatement to his federal position and payment of back-pay and benefits starting from the date of his suspension. *Id.* The government moved to dismiss Appellant's complaint for lack of subject matter jurisdiction, and the Claims Court granted that motion. *Id.* at 3–4.

Appellant appeals the Claims Court's dismissal. Since the filing of this appeal, the MSPB has regained its quorum and has issued initial and final decisions affirming the agency's decision to remove Appellant. Appellant has also petitioned our court for review of the MSPB's final decision. But this appeal concerns only the Claims Court's grant of

the government's motion to dismiss for lack of subject matter jurisdiction.   We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II.

We must first determine whether we may reach the merits of this appeal as the government contends that this appeal is moot.  "[I]t is axiomatic that a federal court may not address 'the merits of a legal question not posed in an Article III case or controversy,' and that 'a case must exist at all the stages of appellate review.'" *Aqua Marine Supply v. AIM Machining, Inc.*, 247 F.3d 1216, 1219 (Fed. Cir. 2001) (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship,* 513 U.S. 18, 21 (1994)).  This case or controversy requirement "underpins both our standing and our mootness jurisprudence." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000).

Mootness "addresses whether an intervening circumstance has deprived the plaintiff of a personal stake in the outcome of the lawsuit." *West Virginia v. EPA*, 597 U.S. 697, 719 (2022) (cleaned up).  "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969).  A case should generally be dismissed as moot "[w]hen, during the course of litigation, it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue." *Chapman L. Firm Co. v. Greenleaf Constr. Co.*, 490 F.3d 934, 939 (Fed. Cir. 2007).

The government argues that this appeal is moot because the MSPB's quorum has been restored.  It follows, according to the government, that we need not decide if the Claims Court has jurisdiction over removal challenges when the MSPB lacks a quorum.  *See* Appellee's Br. 11.

We reject this argument as it does not correctly identify the issue before us. We understand the crux of Appellant's position to be that his employing agency did not have the authority to remove him and thereby withhold his salary and benefits during the period when the MSPB lacked a quorum, leaving it unable to review the removal decision. Accordingly, the fact that the MSPB now has a quorum does not moot the issue before us of whether the Claims Court has jurisdiction to hear Appellant's case.

## III.

If a court "determines that it lacks subject-matter jurisdiction over a claim at any time, it must dismiss the claim." *Barlow & Haun, Inc. v. United States*, 805 F.3d 1049, 1060 n.5 (Fed. Cir. 2015). In this case, where the factual allegations of the complaint are not challenged for purposes of the dismissal motion, we review the grant of the motion to dismiss for lack of subject matter jurisdiction de novo. *See Fairholme Funds, Inc. v. United States*, 26 F.4th 1274, 1284 (Fed. Cir. 2022); *compare, e.g.*, *Moyer v. United States*, 190 F.3d 1314, 1317–18 (Fed. Cir. 1999) (where factual allegations challenged and resolved by trial court, review of the factual rulings is for clear error). "We may affirm the Court of Federal Claims' dismissal on any ground supported by the record." *Wyandot Nation of Kan. v. United States*, 858 F.3d 1392, 1397 (Fed. Cir. 2017).

We agree that the Claims Court lacked jurisdiction over Appellant's case. The Claims Court's jurisdiction is established under the Tucker Act, which provides "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). "The Tucker Act is displaced, however, when a law assertedly imposing monetary liability on the United States contains its own

judicial remedies. In that event, the specific remedial scheme establishes the exclusive framework for the liability Congress created under the statute." *United States v. Bormes*, 568 U.S. 6, 12 (2012).

One such "specific remedial scheme" is the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 1101 *et seq.*, which "established a comprehensive system for reviewing personnel action taken against federal employees." *Elgin v. Dep't of Treasury*, 567 U.S. 1, 5 (2012) (quoting *United States v. Fausto,* 484 U.S. 439, 455 (1988)). Specifically, under the CSRA, certain employees may appeal their removal to the MSPB. *Read v. United States*, 254 F.3d 1064, 1067 (Fed. Cir. 2001) (citing 5 U.S.C. §§ 7512(1), 7513(d)).

Here, Appellant challenges whether the agency could remove him when the MSPB lacked a quorum. Under the CSRA, "only the Merit Systems Protection Board, and not the Court of Federal Claims, is authorized to review removals of federal employees." *Read*, 254 F.3d at 1066 (citing *Fausto*, 484 U.S. 439). Appellant contends that the CSRA does not bar his suit because he challenges the "constitutional authority of the agency to engage in the removal process at a time when the MSPB ceased to exist legally." Appellant's Br. 12. But these "constitutional claims are the vehicle by which [Appellant] seek[s] to reverse the removal decision[], to return to federal employment, and to receive the compensation [he] would have earned but for the adverse employment action. A challenge to removal is precisely the type of personnel action regularly adjudicated by the MSPB and the Federal Circuit within the CSRA scheme." *Elgin*, 567 U.S. at 22 (citation omitted). In other words, Appellant's allegation of an improper removal—however it may be articulated—is a challenge that belongs in the MSPB. Thus, the Claims Court properly concluded that it lacked jurisdiction.

## IV.

We have considered Appellant's remaining arguments and do not find them persuasive. For the foregoing reasons, we *affirm* the decision of the Claims Court.

**AFFIRMED**